OPINION OF THE COURT
Simons, J.
Defendants in these two separate proceedings were charged *525 in the Criminal Court of New York City with misdemeanors. Both complaints were dismissed on speedy trial grounds because the People failed to convert the complaints to informations within 90 days after the proceedings were commenced (see, CPL 30.30 [1] [b]). In granting the motions to dismiss, the court relied on People v Colon (59 NY2d 921) and applied it retroactively to these proceedings, which had been commenced before that decision was announced, holding that the Colon decision did not represent a "clear and unanticipated break with past law” in the area (see, People v Pepper, 53 NY2d 213; Desist v United States, 394 US 244). Both orders were affirmed by the Appellate Term.
On this appeal, the People contend that the Colon rule, which applies to delays resulting from defendant’s absence (see, CPL 30.30 [4] [c]), should not be applied to delays occasioned by adjournments requested by defendant or to which he consents (see, CPL 30.30 [4] [a], [b]).[1] They note that if the periods of delay occasioned by such adjournments before conversion are not charged to them, then their statement of readiness was timely in each case. We agree that the delays were not chargeable to the People and therefore reverse the orders appealed.
On March 9, 1983 defendant Worley was charged in a complaint with assault, third degree, and criminal mischief, fourth degree, arising out of an incident with William Silver-man, and a separate, unrelated count of assault, third degree, arising from an incident with Police Officer George Betz. The *526 Betz complaint rested entirely on nonhearsay allegations. After several adjournments for defense motions and adjournments granted by the court at defendant’s request or with his consent, the People filed a supporting deposition on July 28, 1983 and converted the complaint to an information (see, CPL 170.65). They announced their readiness for trial on the same date. On October 14, 1983 Criminal Court granted in part defendant’s CPL 30.30 motion and dismissed the two counts relating to the Silverman incident. It held that inasmuch as the complaint had not been converted to an information within 90 days, those charges must be dismissed because the People were barred from excluding delays before conversion occasioned by defendant’s motions or adjournments he had requested or consented to.
On November 3, 1982 defendant Hamilton was charged in a complaint with criminal possession of a weapon in the fourth degree and menacing arising out of an incident with Regina Crawford. The case was adjourned several times at the request or with the consent of the defendant. The People supplied a supporting deposition on April 7, 1983, thereby converting the complaint to an information, and they announced their readiness for trial on June 30, 1983. On August 9, 1983 the Criminal Court granted defendant’s CPL 30.30 motion to dismiss.
In People v Sturgis (38 NY2d 625), we held the People were not ready for trial within the statutory six-month period applicable to felonies because they could not proceed to trial without an indictment and they had not obtained one within six months after the proceeding was commenced. This was so, we held, even though defendant was absent during two and one-half months of the six-month period. The two and one-half months could not be excluded as delay "resulting from the absence or unavailability of the defendant” because defendant’s absence did not prevent submission of the case to the Grand Jury (see, CPL 30.30 [4] [c]).[2] In People v Colon (supra) we affirmed an order which applied the Sturgis rationale to misdemeanor complaints, holding that the defendant’s absence or unavailability during part of the 90-day period did not prevent the People from converting the complaint to an *527 information and obtaining an accusatory instrument on which they could proceed to trial. Inasmuch as they had failed to do so within the period allowed by CPL 30.30, the proceeding was properly dismissed. The Sturgis-Colon rationale should not apply in the present circumstances, however, because even though defendants’ actions did not prevent the People from obtaining accusatory instruments sufficient for trial, defendants waived the delay in the proceedings by requesting or consenting to them.
The history of the statute supports such a construction. In enacting CPL 30.30 the Legislature intended to impose an obligation on the People to be ready for trial. The statutory scheme differed from and was intended to supersede stringent speedy trial rules previously adopted by the Administrative Board which required the People to actually bring the defendant to trial within a specified time. Several critics believed that adoption of the Board’s rules would necessitate massive increases of personnel in the courts and prosecutors’ offices to avoid wholesale dismissals and urged that the rule be limited to delay caused by the prosecution. The Legislature responded to this concern by enacting section 30.30, intending its provisions to address only the problem of prosecutorial readiness (see generally, People v Brothers, 50 NY2d 413, 416-417; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30). The protection of speedy trial rights, which would include the consideration of delays caused not only by the prosecution but also by factors such as court congestion, were addressed by CPL 30.20 and by constitutional provisions. Inasmuch as the Legislature intended CPL 30.30 to address delays caused by the People, the time required for defendant’s pretrial motions and his requested adjournments should be excluded. Those delays have been caused by the defendant for his own benefit, and with the court’s permission, under circumstances in which both the defendant and the court have determined that the adjournment is desirable. In view of the defendant’s express waiver of the delay, the People are not required to causally trace their lack of readiness to defendant’s actions before the court is warranted in excluding the periods resulting from adjournments authorized by subdivision 4 (a) and (b).
The Sturgis and Colon decisions are also distinguishable from these appeals because they address policy concerns unique to subdivision 4 (c). Sturgis and Colon were intended to prevent indefinite delays and prosecutorial inaction in cases *528 involving absent defendants. In such situations, the delay is open-ended in nature, and not subject to the court’s control, thus creating the potential for unjustified and limitless delay. To avoid that prospect, the court interpreted subdivision 4 (c) as requiring that prosecutors obtain an accusatory instrument sufficient for trial before claiming the delay resulted from defendant’s absence. To contrast, adjournments at the defense’s request or with his consent may be granted only with the court’s permission and may be limited by it to a reasonable period of time. Furthermore, exclusions rest generally on theories of estoppel or waiver, and the defendant’s absence is much more equivocal evidence of his consent to delay than are defense motions or requests for adjournments by which defendant impliedly consents to delay (see, People v Parker, 57 NY2d 136). We recognized this difference between the application of paragraphs (a) and (c) of subdivision 4 in Sturgis when we refused to charge the prosecutor with nine days’ delay resulting from defense counsel’s request for an adjournment but did charge him with the time during defendant’s absence (see, People v Sturgis, 38 NY2d 625, 627, supra; see also, People v Berke, 66 NY2d 861; People v Lomax, 50 NY2d 351; People v Hamilton, 46 NY2d 932; People v Campbell, 96 AD2d 725; People v Ronzetti, 88 AD2d 982).
Accordingly, in each case the order of the Appellate Term should be reversed and the complaint reinstated.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur.
In each case: Order reversed, etc.

. CPL 30.30 (4) (a) and (b) provides:
"4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded:
"(a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to: proceedings for the determination of competency and the period during which defendant is incompetent to stand trial; demand to produce; request for a bill of particulars; pre-trial motions; appeals; trial of their charges; and the period during which such matters are under consideration by the court; or "(b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel. The court must grant such a continuance only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt dispositions of criminal charges. A defendant without counsel must not be deemed to have consented to a continuance unless he has been advised by the court of his rights under these rules and the effect of his consent”.

. Paragraph (c) of subdivision 4 has since been amended to provide that there shall be excluded from the time charged to the People the period of delay extending from the day on which a bench warrant has been issued for a defendant who has failed to appear to the day on which he subsequently appears in court (see, L 1984, ch 670).