OPINION OF THE COURT
Jonas H. Bernstein, J.
Defendant’s motion, pursuant to CPL 170.30 (1) (a), to dismiss the within informations, which charge the defendant with violations of Penal Law §§ 155.25, 165.40 and 140.10, is hereby granted.
Defendant moves under CPL 170.30 (1) (a) to dismiss the within informations as insufficient pursuant to the requirements of CPL 100.15 and 100.40. Specifically, defendant al *866 leges that the allegations of the factual part of the informations fail to contain facts of an evidentiary character which tend to support the charges. In addition, the defendant argues that the nonhearsay allegations of the factual part of the informations fail to establish, if true, every element of the offenses charged, and fail to provide reasonable cause to believe that the defendant committed such offenses. After reading the supporting depositions of Samuel Ehrlich and Derek Smith which accompany the informations, the court must agree that the informations are insufficient in that they fail to comply with the requirements of CPL 100.15 and 100.40. In fact, the People do not oppose defendant’s motion in this respect. Instead, the People seek to cure the defect by annexing an alleged statement of the defendant to their affirmation in opposition, asking the court to allow such statement as an amendment of the accusatory instruments at this time.
The People cite no authority for such a procedure, nor does the court on its own discover any such authority. Certainly, the authority is not contained in CPL 100.45 (3), which permits the court, in its discretion, to allow an amendment of the accusatory part of an information by addition of a count supported by the allegations of the factual part. Such an amendment, by the way, must be sought by application of the People with notice to the defendant, not buried in an opposing affirmation. (Cf. CPLR 2215 [the Judicial Conference Report on this section, which was added to the CPLR in 1981, stated: "The main idea is to have the covering paper clue the reader in to the whole mission of the accompanying papers, and to avoid the situation in which a demand for cross-relief comes up as almost a hidden incident of affidavits opposing the main motion.” 1980 McKinney’s Session Laws of NY, at 1932.]) Certainly, the authority for such a procedure is not to be found, as suggested by the opposing affirmation, in People v Worley (66 NY2d 523 [1985]), cited in the opposing affirmation as "(People v. Worley, — NYS2d — (1985)”, since that case involved the issue of whether delay in the conversion of misdemeanor complaints to informations violated defendant’s right to a speedy trial under CPL 30.30, where defendant had requested or consented to adjournments in the interim.
Even assuming the court could permit such an amendment, defendant’s alleged statement is not verified as required by CPL 100.20 in any manner allowed by CPL 100.30.
Finally, even assuming defendant’s alleged statement was *867 properly verified and could be used as a supporting deposition to the informations herein, the factual part of such statement fails to establish, if true, every element of the offenses charged. Thus, the informations would still be insufficient as a matter of law.
For the foregoing reasons, defendant’s motion to dismiss is granted.