*1025 OPINION OF THE COURT
Emily Jane Goodman, J.
The defendant, charged with two B misdemeanors, moves to dismiss on the grounds that he has been denied his statutory right to a speedy trial pursuant to CPL 30.30. For the reasons stated below, the defendant’s motion is granted.
The defendant was arraigned on November 24, 1987, on a complaint charging two B misdemeanors. The case was adjourned to December 8 for a hearing on whether the defendant was entitled to free legal representation. On December 8, following the hearing, another Judge of this court ordered the defendant to retain counsel and, over the objection of the defendant’s Legal Aid Society attorney, adjourned the case to January 26, 1988. On January 26, the defendant was represented by private counsel and the People filed and served a corroborating affidavit, converting the complaint into an information. All subsequent adjournments were for the purpose of the defendant’s pretrial motions. The People filed a certificate of readiness on February 2,1988.
The People must be ready for trial within 60 days of the commencement of a criminal action accusing the defendant of B misdemeanors. (CPL 30.30 [1] [c].) The defendant contends that his speedy trial rights were denied since more than 60 days elapsed between arraignment on November 24, 1987, and the conversion of the complaint on January 26,1988. Once the defendant meets his burden of showing that more than the statutory time period has passed before the People answer ready for trial, the People have the burden of setting forth, with specificity and conclusive proof, that sufficient periods excludable by statute exist. (People v Berkowitz, 50 NY2d 333.) The People have failed to meet this burden in their response to defendant’s motion to dismiss.
Both sides agree that the period from January 26, when the case was adjourned for defense motions, until February 2, when the People answered ready, is not chargeable to the People pursuant to CPL 30.30 (4) (a). The People, however, assert that the entire period between the defendant’s arraignment and conversion of the complaint is excludable pursuant to CPL 30.30 (4) (f). This court does not agree. CPL 30.30 (4) (f) excludes periods where the defendant "is without counsel through no fault of the court; except when the defendant is proceeding as his own attorney with the permission of the court”. While the second adjournment may fall within this *1026 exclusion, the first adjournment clearly does not. The defendant was represented by the Legal Aid Society at both the arraignment and the representation hearing. Although my colleague had questioned the propriety of the Legal Aid Society’s representation in this case, he had not yet relieved that counsel and the defendant was therefore represented during this period. Thus this first adjournment from the November 24th arraignment until the hearing on December 8th is not a "period during which the defendant [wa]s without counsel” and therefore is not excludable under CPL 30.30 (4) (f).
Even if this first adjournment was excludable under CPL 30.30 (4) (f), this exclusion was not available to the People since they had yet to convert the misdemeanor complaint into an information, as discussed below. Nor do the People assert that this period is excludable under any other section.[1] Therefore this 14-day period is chargeable to the People.
The People’s argument that excludable time exists under CPL 30.30 (4) (f) is more suitable to the second adjournment from December 8, 1987 to January 26, 1988. The transcript of the December 8th proceeding shows that another Judge relieved the Legal Aid Society at the conclusion of that proceeding. Thus, during this adjournment, the defendant was arguably "without counsel”.[2] This adjournment therefore, unlike the first, is of the type addressed by CPL 30.30 (4) (f) and is excludable time. However, having found a statutory exclusion applicable to this adjournment does not end our inquiry. The People failed to corroborate the complaint until January 26th. The issue, therefore, is whether the People can avail themselves of an exclusion pursuant to CPL 30.30 (4) (f) when they have failed to convert a misdemeanor complaint into an information before the time in which they must be ready for trial expires.
*1027 A defendant has a statutory right to be tried by an information, a nonhearsay accusatory instrument, and cannot be prosecuted on a misdemeanor complaint, an instrument based on hearsay allegations, unless he knowingly and intelligently waives this right. (CPL 100.10 [1], [4]; People v Connor, 63 NY2d 11; People v Weinberg, 34 NY2d 429.) Because of its hearsay nature, a misdemeanor complaint, while sufficient to commence a criminal proceeding, confers only limited jurisdiction on the court. (CPL 100.10 [4].) Thus, until the People convert the complaint to an information by filing a corroborating affidavit eliminating the hearsay nature of the complaint, the court has no jurisdiction to prosecute and the People cannot answer ready for trial. "Responsibility to confer upon the Criminal Court jurisdiction to try misdemeanor cases rests squarely upon the shoulders of the District Attorney.” (People v Colon, 110 Misc 2d 917, 920, revd 112 Misc 2d 790, revd 59 NY2d 921.)
The duty of a prosecutor to convert a misdemeanor complaint into an information is a "fundamental task”. (People v Colon, supra.) Although there may be times when the constraints of the statutory time periods are problematic for a prosecutor where a corroborating affidavit must be secured from a civilian whom the People have difficulty in locating or whose cooperation may be difficult to secure, this is not such a situation. The corroboration required here was from an undercover police officer, a public employee, and securing such corroboration was totally within the prosecutor’s control. The failure to do so promptly is the very inertia that the speedy trial statute was designed to avoid. The People’s assertion that the police officer signed the corroborating affidavit weeks earlier, but that they waited until the next adjourn date to file and serve it under the assumption that the prior adjournment was excludable time, does not relieve them of their obligations to convert the instrument and answer ready for trial within the speedy trial time limits.
In a series of cases, the Court of Appeals defined the circumstances under which periods of time normally excluded pursuant to CPL 30.30 (4) will be charged to the People until the People convert a misdemeanor complaint into a jurisdictionally sufficient information. In People v Sturgis (38 NY2d 625) and People v Colon (59 NY2d 921, supra) the court held that adjournments resulting from an absent or unavailable defendant, normally excluded pursuant to CPL 30.30 (4) (c), will be charged to the People if the People have failed to file *1028 an accusatory instrument sufficient to confer jurisdiction to prosecute on the court. "The excludable events enumerated in subdivision 4 exist * * * as defenses available to the prosecutor who, after having done all that could reasonably be expected of him, might wish to explain why he could do no more within the statutory time frame.” (People v Colon, 110 Misc 2d 917, 922, supra.)
However, the Court of Appeals later limited the Sturgis-Colon doctrine by holding that adjournments for pretrial motions made at the request of or with the consent of the defendant are excludable, even where the People have failed to file instruments sufficient to confer jurisdiction to prosecute, regardless of whether these adjournments prevented the People from filing. (People v Worley, 66 NY2d 523.) In People v Kopciowski (68 NY2d 615) the Court of Appeals applied the Worley rationale to a preindictment adjournment for new counsel where the adjournment was requested by the defendant, holding that such a request expressly waived the delay for CPL 30.30 purposes, even though it was prosecutorial error and not defense-requested adjournments that caused the People to delay presentation of the case to the Grand Jury.
The Worley exception rests on theories of waiver and estoppel. (People v Worley, supra, at 528.) In the case at bar, the defendant neither requested nor consented to the change of counsel or to the adjournment. Unlike in Worley where the defendant’s consent or request for an adjournment implies a waiver of any objections to the delay, here there is no such waiver. The transcript demonstrates that this adjournment was over defense counsel’s strenuous objection. Nor is this a situation in which the defendant can be barred from raising an objection under an estoppel theory. As the court stated in Worley, a request for an adjournment is a delay "caused by the defendant for his own benefit * * * under circumstances in which both the defendant and the court have determined that the adjournment is desirable.” (People v Worley, supra, at 527 [emphasis added].) In the case at bar, the replacement of counsel was not for defendant’s benefit but rather was imposed upon him, to his pecuniary disadvantage, after a court finding that he was not eligible for free legal representation and despite the Legal Aid Society counsel’s objections on the record that defendant was in fact eligible for such representation. Nor have the People asserted that the delay was requested or consented to by the defendant or caused by the defendant for his own benefit. Thus the holdings in Worley *1029 and Kopciowski (supra) as applied to the adjournments addressed here do not require that this time be excluded.
Rather, in the case at bar, it was the court, not the defendant or the defendant’s counsel, which sua sponte adjourned this case for a hearing on defendant’s eligibility and then relieved the Legal Aid Society attorney on the adjourned date despite that attorney’s position that the defendant was eligible for free legal counsel. A sua sponte adjournment by the court, where there was no request by the defendant for the adjournment and therefore no waiver, is to be charged against the People when the People have failed to present the court with an accusatory instrument sufficient to confer jurisdiction to proceed to trial. (People v Meierdiercks, 68 NY2d 613, 615.)
This court therefore finds that the period from arraignment to the conversion of the complaint is to be charged to the People. Since more than 60 days elapsed before the People were ready for trial and the People have failed to show sufficient periods of delay are excludable by statute, the defendant’s motion to dismiss pursuant to CPL 30.30 is granted.

. Although the court papers are marked "excluded”, court markings are not necessarily dispositive and do not remove the People’s burden of showing that the adjournment is specifically excluded time under the statute. Rather, it is the court’s determination at the time it reviews a motion to dismiss pursuant to CPL 30.30 that determines whether such time is excluded. (People v Berkowitz, 50 NY2d 333.)

. This court is not deciding the issue of whether the determination by the Judge who held the hearing that defendant was ineligible for representation by the Legal Aid Society over the assertion by the Legal Aid Society counsel that defendant was eligible rises to the level of a defendant unrepresented through "the fault of the court”. This issue was not raised by either party, nor is it necessary to reach since the decision is made on other grounds.