OPINION OF THE COURT
Harold B. Beeler, J.
Defendants herein, charged with the class A misdemeanors of possession of a gambling device (Penal Law § 225.30 [2]) and promoting gambling in the second degree (Penal Law *432 § 225.05), move, pursuant to CPL 170.30 (1) (e), to dismiss the information on statutory speedy trial grounds, claiming that the People have failed to answer ready for trial within 90 days of the commencement of this action as required by CPL 30.30 (1) (b).
The narrow question, of apparent first impression, raised by defendants’ motion is whether an adjournment for the combined purposes of obtaining a corroborating affidavit and securing a foreign language interpreter to assist with the defendants’ arraignment, is an "excludable” adjournment under CPL 30.30.
While such a preconversion adjournment might appear, at first blush, to be with the "consent” and "for the benefit” of these non-English-speaking defendants, and therefore excludable under People v Worley (66 NY2d 523), this court concludes, for the reasons that follow, that the "waiver” and "estoppel” underpinnings for excludability relied on in Worley (supra) simply do not apply under the circumstances presented herein. Accordingly, inasmuch as the 24-day adjournment period in question is properly chargeable to the People, their assertion of readiness on the 96th day following commencement of this criminal action was untimely (see, CPL 30.30 [1] [b]), and defendants’ motion to dismiss must therefore be granted.
Defendants at bar were arrested on May 12, 1989 and produced for arraignment in Manhattan Criminal Court the following day. Because the defendants did not speak English, and no interpreter was available to assist with their arraignment, the presiding Judge adjourned the proceedings to June 6th "for arraignment with [a Cantonese] interpreter and [for] a corroborating affidavit.”
On June 6th, the defendants were arraigned with the assistance of an official court interpreter, but the People failed to file the corroborating affidavit required to "convert” the misdemeanor complaint to an information (see, CPL 170.65 [1]). On June 30th, the People filed and served the corroborating affidavit, and a motion schedule was established whereby, inter alla, the People were directed to file a response to defendants’ omnibus motions by August 8th. Following an additional adjournment necessitated by the People’s failure to timely comply with this motion schedule, the People, on September 25th, finally filed and served both a response to defendants’ motions as well as a "certificate of readiness” *433 indicating they were ready to proceed to trial; The instant motion to dismiss was filed the following day by defendant Yeung and was formally "adopted” by each of his three codefendants.
The People, in their response to defendants’ speedy trial motion, contend that their September 25th statement of readiness was timely in that it was filed on the 72nd day following "commencement” of the criminal action (see, CPL 30.30 [1] [b]). In this regard, the People correctly concede that the period from the defendants’ arraignment until the date the corroborating affidavit was filed and served (i.e., June 6th to June 30th) is properly chargeable to them, and that the period encompassing the court’s initial motion schedule (i.e., June 31st to August 8th) is excludable pursuant to CPL 30.30 (4) (a). Further, the People do not dispute that their unexplained failure to timely respond to defendants’ omnibus motions requires that they be charged with the 48-day period of "unreasonable” delay occasioned by such failure to respond (see, CPL 30.30 [4] [a]).
The People are in error, however, in asserting that the speedy trial "clock” began to run in this case with the defendants’ arraignment. Contrary to the People’s contention, this criminal action "commenced” not with the defendants’ arraignment on June 6th, but with the filing in Criminal Court of the misdemeanor complaint some 24 days earlier (see, CPL 1.20 [17]; 100.05; see also, People v Lomax, 50 NY2d 351, 356). Accordingly, inasmuch as the People correctly concede that a total of 72 days of the period from the June 6th arraignment through their September 25th statement of readiness is properly chargeable to them, the question of the includability (or excludability) of the 24-day period preceding defendants’ arraignment becomes determinative of the instant motion (see, CPL 30.30 [1] [b]).
In People v Worley (supra), the Court of Appeals squarely addressed the speedy trial implications of so-called "preconversion” adjournments. Noting that "exclusions rest generally on theories of estoppel or waiver” (supra, at 528; see also, CPL 30.30 [4]), the court held that the People’s failure to obtain an accusatory instrument "sufficient for trial” did not automatically necessitate inclusion of "preconversion” adjournments where such adjournments were at the request or with the consent of the defendant (People v Worley, supra, at 527).
Thus, where a defendant requests time to file pretrial *434 motions, or otherwise seeks an adjournment, the resulting delay in the proceedings has, according to Worley, “been caused by the defendant for his own benefit, and with the court’s permission, under circumstances in which both the defendant and the court have determined that the adjournment is desirable. In view of the defendant’s express waiver of the delay, the People are not required to causally trace their lack of readiness to defendant’s actions before the court is warranted in excluding the periods resulting from [such] adjournments” (supra, at 527).
The issue to be resolved, therefore, is whether the delay in the proceedings at bar occasioned by the need to obtain a Cantonese interpreter to assist with defendants’ arraignment amounted to a “waiver” by defendants of the otherwise includable 24-day period during which the People had failed to provide an accusatory instrument sufficient for trial.
It is settled that "where [a] court is put on notice that a defendant has difficulty understanding or speaking the English language, it must 'make unmistakably clear to him that he has a right to have a competent translator assist him, at state expense if need be’ ”. (People v Navarro, 134 AD2d 460, quoting United States ex rel. Negron v State of New York, 434 F2d 386, 390-391 [2d Cir].) Such a requirement is rooted not only in the constitutional rights of a criminal defendant to the effective assistance of counsel and to confront and cross-exam-inc adverse witnesses, but in the equally important and more fundamental right of an accused to be present at the proceedings against him (United States ex rel. Negron v State of New York, supra, at 389; see also, People v Ramos, 26 NY2d 272; People v De Armas, 106 AD2d 659). For, “if the right to be present is to have meaning * * * it is * * * imperative that every criminal defendant * * * possess 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.’ ” (United States ex rel. Negron v State of New York, supra, at 389, quoting Dusky v United States, 362 US 402.)
While "[i]t is within the sound discretion of the court to decide whether an appointment of an interpreter is necessary” (People v Navarro, supra, at 460; see also, United States v Desist, 384 F2d 889 [2d Cir], affd 394 US 244; People v De Armas, supra, at 660), the court alone is charged with the obligation of providing an interpreter once it determines the need therefor (see, People v Ramos, supra; see also, Judiciary Law § 387; cf., County Law § 825; CPL 190.25 [3] [d]). Where, *435 as in this case, the court is unable to immediately provide an interpreter for a non-English-speaking defendant, the proceedings must, of necessity, be adjourned for that purpose.
Although an adjournment occasioned by the need to provide an interpreter is ultimately "for the benefit” of a non-English-speaking defendant in that its objective is to assure " ’fundamental fairness’ ” in the criminal proceedings and the protection of the defendant’s constitutional rights (United States ex rel. Negron v State of New York, supra, at 389), such an adjournment does not, in this court’s view, amount to a "waiver” of the delay in the proceedings within the meaning of Worley (66 NY2d 523, supra).
Concededly, the preconversion adjournments found excludable in Worley (supra) were for purposes which included the defendant’s desire to file pretrial motions, and such motions typically raise questions of constitutional significance including the protection of the accused’s rights under the 4th, 5th and 6th Amendments. Unlike the situation in Worley, however, the defendants at bar stood, to the extent possible, fully ready to proceed on May 13th and were, in essence, required to consent to an adjournment in the proceedings solely as a result of the court’s failure to comply with its statutory obligation to provide an interpreter to assist with the defendants’ arraignment. To suggest that a defendant’s "consent” under such circumstances is tantamount to his "waiver” of the resulting delay is to ignore the well-established principle that an effective waiver must, at a minimum, be both knowing and voluntary. (See, People v Laspina, 135 Misc 2d 422, 428-429.) Such a "waiver” simply did not exist under the circumstances herein.
The court instead finds that the 24-day period at issue is more akin to an adjournment necessitated by "court congestion,” in that the failure to proceed on May 13th, and the need to adjourn the proceedings, stemmed largely, if not exclusively, from the court’s failure to provide a Cantonese interpreter for these non-English-speaking defendants.
In People v Brothers (50 NY2d 413, 417), the Court of Appeals reaffirmed the principle that delay occasioned by court congestion cannot properly be charged to the People once they have satisfied their obligation under CPL 30.30 by timely answering ready for trial. The court went on, however, to hold that "court congestion before the District Attorney is ready for trial * * * is irrelevant and thus cannot excuse the *436 District Attorney’s failure to be ready. While court congestion may prevent a trial, in no sense does it operate to prevent the District Attorney from being ready for trial.” (Supra, at 417; emphasis added.)
Applying the principle of Brothers (supra) to the case at bar, it is clear that as of May 13th, the People had not answered ready for trial, and indeed, had not even "converted” the accusatory instrument to a trial-ready information. As noted, the record reflects that such "conversion” did not occur until June 30th, and that the People did not answer ready for trial until September 25th.
Accordingly, the 24-day period from the commencement of this criminal action on May 13th until the defendants’ arraignment on June 6th must be charged to the People, thereby rendering untimely their statement of readiness on the 96th day following commencement of the action (see, CPL 30.30 [1] [b]).
In concluding that the preconversion adjournment in question is chargeable to the People, the court notes that not all cases involving the arraignment of non-English-speaking defendants require an adjournment for an interpreter. Indeed, had the defendants at bar required a Spanish, rather than Cantonese, interpreter, it is likely that one would have been available for immediate assignment notwithstanding the fact that the arraignment was to take place at night. Thus, the court’s holding — that the need to adjourn a case for the appointment of an interpreter does not excuse the People from complying with their speedy trial obligation — assures that a defendant’s right to a dismissal under CPL 30.30 will in no way depend on the wholly "irrelevant” circumstance of interpreter availability (see, People v Brothers, supra, at 417).
For all the aforesaid reasons, defendants’ motion to dismiss is granted.