OPINION OF THE COURT
Joseph F. Nocca, J.
Defendant Vito D’Aquino moves this court pursuant to CPL *789 30.30 and 30.20 for an order dismissing the misdemeanor information, docket No. 94-2664, on the ground that his right to a speedy trial was violated.
The pertinent facts are as follows: Defendant D’Aquino is charged, together with codefendants Rodney Gelb and Ra-domes Ortiz, with making graffiti (Penal Law § 145.60 [2]) and possession of graffiti instruments (Penal Law § 145.65). Defendant D’Aquino was arraigned on the above charges on June 24, 1994. Defendant claims that on that date the People asserted their readiness but that the accusatory instrument, although labeled an "information”, did not include a necessary nonhearsay supporting deposition. The matter was adjourned to July 28, 1994.
On July 28, 1994, the People filed a superseding information adding factual allegations, but again did not file a supporting deposition. According to defendant, he objected to the People’s assertion of readiness on that ground. The prosecution of the case was further adjourned to September 13, 1994, and once again to September 14, 1994, for a pretrial conference.
Defendant contends that on September 14, 1994, he reiterated his objection to the People’s assertion of readiness due to the lack of a proper supporting deposition and requested leave to file motions. Pursuant to this request the court directed defendant to file motions by October 12, 1994. On October 12, 1994, defendant’s motion to dismiss and the People’s opposition papers were fully submitted to the court and the case was adjourned pending a decision on the motion. According to defendant, on October 13, 1994, he finally received the supporting deposition and a letter dated October 7, 1994, wherein the People declared readiness.
The People admit that the supporting deposition was first filed with the court on October 7, 1994. The People further concede that their first legally sufficient declaration of readiness was by letter to defense counsel on October 7, 1994.*
Defendant now contends that, for purposes of speedy trial calculations, the entire period from June 24, 1994 to October 7, 1994, must be charged against the People because during that entire 105-day period, the accusatory instrument was never properly converted into a legally sufficient information *790 based upon nonhearsay allegations. Defendant argues that because said period exceeds the statutory 90-day period pursuant to CPL 30.30, the information must be dismissed.
In support of his argument that all the above time must be deemed includable, defendant relies on the Court of Appeals decision in People v Colon (59 NY2d 921 [1983]). In Colon, the Court held that defendant’s absence could not be excluded pursuant to CPL 30.30 (4) (c) as delay resulting from the absence or unavailability of defendant, because during the period of absence the People had failed to convert the complaint to an information. The Court found that defendant’s absence did not prevent the People from obtaining an accusatory instrument on which they could proceed to trial. (People v Colon, supra.)
In opposition to defendant’s contention, the People argue that all of the court adjournments herein were on consent or at the request of defendant and that, therefore, all the time must be deemed excludable against the People.
After reviewing the relevant statutory provisions and case law the court finds as follows:
CPL 30.30 (1) (b) provides that where a defendant is charged with a misdemeanor punishable by a sentence of imprisonment of more than three months, the People must announce readiness for trial within 90 days of the commencement of the action, less excludable time. (CPL 30.30 [1] [b]; People v Osgood, 52 NY2d 37 [1980].) Here, it is undisputed that the speedy trial clock began to run on June 24, 1994, the date defendant was arraigned on the charges.
The court has carefully considered People v Colon (supra), cited by defendant in support of his argument, and finds it to be inapposite to the case at bar. In People v Worley (66 NY2d 523 [1985]), decided by the Court of Appeals two years after its decision in Colon, the Court held that the Colon rationale does not apply where, notwithstanding the People’s failure to convert the complaint, a defendant either requested or consented to an adjournment. The Court characterized the consent or request as an express waiver of the delay by the defendant in the proceedings. (See, People v Worley, supra, at 527.) The Court, in distinguishing Colon, stated, "adjournments at the defendant’s request or with his consent may be granted only with the court’s permission and may be limited by it to a *791 reasonable period of time. Furthermore, exclusions rest generally on theories of estoppel or waiver, and the defendant’s absence is much more equivocal evidence of his consent to delay than are defense motions or requests for adjournments by which defendant impliedly consents to delay” (People v Worley, supra, at 528).
The instant case falls squarely within the Worley rationale. Although it is not apparent from the court file whether defendant consented or requested to every adjournment, defendant has unequivocally asserted in his moving papers that on September 14, 1994, he requested an adjournment to prepare and file motions which the court granted. The record reflects that he filed a motion to dismiss on October 12, 1994, and that a decision denying the motion was rendered by this court on November 4, 1994. Thus, the period from September 14, 1994, the date of defendant’s request for an adjournment, until October 7, 1994, the day of the People’s declaration of readiness, must be deemed excludable against the People even though they had not converted the complaint during that period.
Defendant appears to argue that his request for an adjournment should not be construed as a waiver because he expressly objected to the People’s failure to properly convert the accusatory instrument at every court appearance. The court rejects this argument as totally contrary to statute or case law. Defendant may not request an adjournment and at the same time disclaim any waiver of delay. (CPL 30.30 [4] [a]; People v Worley, supra.)
Predicated upon the foregoing, only 83 days — the period from June 24, 1994 to September 14, 1994 — are deemed includable against the People. The remaining delay, by defendant’s own admission, is attributable to his request to file motions and to the period during which the court considered and determined the motion. Accordingly, the court concludes that defendant has failed to set forth a speedy trial violation pursuant to CPL 30.30; nor has he made the requisite showing of prejudice to support constitutional speedy trial claim under CPL 30.20. (See, People v Taranovich, 37 NY2d 442 [1975].)
Accordingly, defendant’s motion to dismiss on speedy trial grounds is denied in its entirety.

 In his reply papers, defendant asserts "it is undisputed that the People properly asserted their readiness in the above matter on October 7, 1994, one hundred and five (105) days after defendant first appeared in court for arraignment”.