OPINION OF THE COURT
Robert E. Torres, J.
Pursuant to CPL 30.30 and 170.30, the defendant, Donghawan Park, seeks to dismiss the accusatory instrument. The court denies defendant’s motion to dismiss.
*343 On May 12, 1995, in the early morning, defendant, Donghawan Park, was arrested, charged with operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]), and arraigned. Vehicle and Traffic Law § 1192 is a misdemeanor punishable by imprisonment for up to one year. Therefore, the People have 90 days from the commencement of the criminal action to be ready for trial. (CPL 30.30 [1] [b].)
During his arraignment, the People submitted a breathalyzer lab report, the court deemed the complaint an information, and the People stated their readiness. The court stayed defendant’s motions and adjourned the case to June 12, 1995. The assigned defense counsel requested a Korean interpreter for the next date, and the court directed that an interpreter be provided.
On the next date, a Korean interpreter was not present, but defense counsel, standing in for the assigned defense attorney, informed the court that an interpreter was not necessary because the defendant could understand the proceedings. The court directed the parties to submit their motions in writing and set July 17, 1995 for a response and decision. The People stated their readiness. This time period of 36 days is excludable under CPL 30.30 (4) (a).
On the next date, the court denied defendant’s motion to dismiss. Defense counsel indicated that she could not communicate an offer made by the People to the defendant because no Korean interpreter was present. The case was subsequently adjourned three more times to obtain a Korean interpreter. Each time the court requested an interpreter for the defendant. Each time the People stated their readiness.
On October 27, 1995, defendant made the instant motion to dismiss on the grounds that 168 days since defendant’s arraignment had elapsed. Defendant contends that the failure to provide a Korean interpreter is similar to a failure to produce an incarcerated defendant for trial which, under People v England (84 NY2d 1 [1994]), is a failure attributable to the People.
In their response, the People contend that their May 12th statement of readiness was timely and they have been ready to proceed since the arraignment. All subsequent delays are attributable to the court and not the People.
The issue is plain: whether failure to provide the defendant with an interpreter constitutes delay which is chargeable to the People under CPL 30.30.
*344 The accusatory instrument was filed (commencing the action [CPL 1.20 (17)]) and converted to an information by the submission of the required lab report on May 12, 1995. The People stated their readiness. Delay on the part of the People occurring after an announcement of readiness, however, may be counted against them. (People v Anderson, 66 NY2d 529 [1985].)
Defendant’s June 12th motion causes the 36 days for a response and decision to be excludable. 132 days remain to be accounted for. Since the delays caused by the absence of a Korean interpreter occurred after the People stated their readiness, these delays must be analyzed pursuant to People v Anderson (supra) to determine whether they are chargeable or excludable time periods. (People v Cortes, 80 NY2d 201 [1992].)
In Anderson (supra), the Court of Appeals stated that post-readiness delay can be chargeable to the People when that delay pertains to the People’s ability to proceed to trial. Since the obligation to be ready is an ongoing one, the Court held that any subsequent delays caused by the People are chargeable to the People.
In the case at bar, the inability to proceed to trial resulted from the lack of an interpreter. This situation is analogous to, not the People’s failure to produce a defendant, but to the court’s failure to provide an 18-B attorney to a defendant (County Law art 18-B), as was the case in People v Cortes (supra). In Cortes (supra, at 209), the Court of Appeals noted that the judiciary is "directly responsible” for the appointment of 18-B attorneys as well as for the operation of the 18-B panel. It was within the power and control of the court, not the District Attorney’s office, to appoint an 18-B attorney. That Cortes lacked representation, "did not affect the People’s ability to present their own case and, consequently, did not affect their 'readiness’ as that term is used in CPL 30.30 analysis.” (Supra, at 210.)
Just as the court is obligated to assign counsel, so too is it responsible for the assignment of an interpreter. A defendant has a right to a competent translator where a defendant cannot understand or speak English. (People v Dun Chin, 146 Misc 2d 431, 434 [Grim Ct, NY County 1989], citing People v Navarro, 134 AD2d 460.) Under the Judiciary Law, the duty to provide the defendant with a competent interpreter is solely the court’s. (Judiciary Law § 387; supra, at 434.) Since the assignment of an interpreter is the responsibility of the court and not the People, this time is not chargeable. Thus, the *345 People’s statements of readiness were timely and valid and the delays occasioned by the lack of an interpreter are excludable.
Accordingly, defendant’s motion to dismiss pursuant to CPL 30.30 is denied.