OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Giovanni Portorreal, is charged with unlawful possession of marihuana (Penal Law § 221.05), criminal possession of marihuana in the fourth degree (Penal Law § 221.15) and endangering the welfare of a child (Penal Law § 260.10 [1]). The defendant moves to dismiss the charges of unlawful possession of marihuana and criminal possession of marihuana in the fourth degree on the ground that he has been denied his right to a speedy trial pursuant to Criminal Procedure Law § 30.30, alleging that more than 90 days have elapsed since his arraignment. Because the court calculates that less than 90 days are chargeable to the People, the defendant’s motion to dismiss is denied.
Statutory Speedy Trial
CPL 30.30 is not a speedy trial statute in the constitutional sense. Rather, it was enacted to enforce prosecutorial readiness and is intended only to address delays occasioned by prosecutorial inaction (see People v McKenna, 76 NY2d 59, 63 [1990]; People v Sinistaj, 67 NY2d 236, 239 [1986]; People v Anderson, 66 NY2d 529, 535 [1985]). As such, a defendant’s right to a speedy trial under the statute is separate and distinct from his right to a dismissal on the ground that he has been denied his constitutional right to a speedy trial (see Sinistaj, 67 NY2d at *390 239; People v Brothers, 50 NY2d 413, 416 [1980]; People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 31 NY2d 498, 502 [1973]).
Because CPL 30.30 is not a constitutional speedy trial statute but is rather a prosecutorial readiness statute, it demands only that the prosecutor be ready for trial and not that court facilities also be available (see Brothers, 50 NY2d at 416; Franklin, 31 NY2d at 501-502). Accordingly, once the People have declared their readiness for trial they have satisfied their obligation under the statute (see People v Giordano, 56 NY2d 524 [1982]) and thus they are not chargeable with any delay in proceeding due to court congestion (see People v Chavis, 91 NY2d 500, 502 [1998]). The People therefore are not required to reiterate their readiness and are chargeable only with delay they have caused which “directly implicates [their] ability to proceed with trial” (People v Cortes, 80 NY2d 201, 210 [1992]). In contrast, where the People have not yet announced their readiness to proceed to trial, court congestion will not excuse their failure to be ready (see People v Smith, 82 NY2d 676, 678 [1993]; Brothers, 50 NY2d at 417 [“(w)hile court congestion may prevent a trial, in no sense does it operate to prevent the District Attorney from being ready for trial”]).
Whether the People have satisfied their obligation to be ready under CPL 30.30 is generally determined by calculating the time between the filing of the first accusatory instrument and the People’s declaration of readiness, then subtracting statutorily excludable periods of delay and finally adding any additional delays that transpire after readiness has been declared when such delays are attributable to the People and are ineligible for any exclusions under the statute (see Cortes, 80 NY2d at 208).
Pursuant to CPL 30.30 (1) (b), the People must be ready for trial within 90 days of commencement of a criminal action charging a defendant with a misdemeanor punishable by a sentence of imprisonment of more than three months.[1] Although a criminal action commences when the accusatory instrument is *391 filed, counting for speedy trial purposes starts the following day (see People v Stiles, 70 NY2d 765 [1987]).
For the People to be “ready for trial” under CPL 30.30, they must meet two requirements. First, they must communicate their readiness either on the record in open court or by a written notice simultaneously sent to defense counsel and filed with the court clerk (see People v Kendzia, 64 NY2d 331, 337 [1985]). Second, the People must declare their readiness only when they in fact are presently ready to proceed to trial (see id.). A statement of readiness for a hearing or a statement of future readiness will not satisfy the People’s obligation under the statute (see Chavis, 91 NY2d at 505) and an affirmation that they were ready at some point in the past also will not suffice (see People v Hamilton, 46 NY2d 932 [1979]).
Trial readiness means that “the People have done all that is required of them to bring the case to a point where it may be tried” (People v England, 84 NY2d 1, 4 [1994]). Trial readiness is established when
“the People have a valid accusatory instrument upon which the defendant may be brought to trial, where the People have complied with their obligation to produce for trial a defendant in their custody and where the People have complied with all pending proceedings required to be decided before trial can commence” (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990] [citations omitted]).
Delays occasioned by adjournments which are requested or consented to by the defendant are not chargeable to the People (see People v Worley, 66 NY2d 523, 525 [1985]; People v Kopciowski, 68 NY2d 615, 617 [1986]; cf. People v Meierdiercks, 68 NY2d 613, 615 [1986] [defendant did not waive delay in proceedings where he did not request or consent to adjournment]). A defendant’s consent to an adjournment must be clearly expressed by him to relieve the People from any responsibility for the delay, however (see People v Liotta, 79 NY2d 841, 843 [1992]). Thus, a defendant’s failure to object to an adjournment or failure to appear does not constitute consent (see id.; see Smith, 82 NY2d at 678).
Under CPL 30.30 (4) (a), “a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . pre-trial motions . . . and the period during which such matters are under consideration by the court” is specifically excluded from “the time within which the *392 people must be ready for trial.” Indeed, while a defendant’s pretrial motion is sub judice, that period of delay is excludable regardless of the People’s readiness or unreadiness at the time (see People v Douglas, 209 AD2d 161, 162 [1st Dept 1994]). Inasmuch as the legislature intended CPL 30.30 to address delays caused by the People, the time required for a defendant’s pretrial motions is rightfully excluded as a delay which has been “caused by the defendant for his own benefit” (Worley, 66 NY2d at 527).
Here, the defendant claims that the complaint was never converted to an information as to the counts of unlawful possession of marihuana and criminal possession of marihuana in the fourth degree. He argues that the laboratory analysis report filed and served by the People is insufficient to corroborate the factual allegations in the complaint since it references only the separately charged defendant Wilnara Portorreal and does not name the defendant specifically. He contends that the People’s statements of readiness on those counts therefore were illusory and that 304 days are chargeable to them since arraignment. Thus, he moves for dismissal of those counts pursuant to CPL 30.30 (1) (b).
The defendant was arraigned on April 2, 2009 on the instant accusatory instrument[2] charging him with one count each of criminal possession of marihuana in the fourth degree, endangering the welfare of a child and unlawful possession of marihuana. At arraignment, the People filed and served a positive marihuana field test report. The court deemed the complaint to be an information as to the counts of unlawful possession of marihuana and endangering the welfare of a child and the People answered ready on those counts. The court ruled that a laboratory analysis report was required to corroborate the factual allegations as to the weight of the marihuana and adjourned the count of criminal possession of marihuana in the fourth degree for conversion. This ruling is not law of the case and is not binding on this court.[3] Because the deponent officer sufficiently described the substance recovered and stated that *393 he determined it to be marihuana with an aggregate weight of more than two ounces “based upon [his] specialized training and experience as a police officer in the identification and packaging of controlled substances and marihuana,” a laboratory report was unnecessary in order to deem the complaint an information (see People v Kalin, 12 NY3d 225, 231 [2009]; People v Palmer, 24 Misc 3d 1218[A], 2009 NY Slip Op 51512[U], *3 [Crim Ct, NY County 2009]).[4] The officer’s allegations, accepted as true, are adequate to inform the defendant as to the nature of the charges against him (see id.). Accordingly, the complaint was an information as to all three counts at arraignment.
Nevertheless, off-calendar on April 15, 2009, the People filed and served a laboratory analysis report indicating that the weight of the marihuana was in excess of two ounces, along with a certificate of readiness. Even if the People’s actions could be construed as a concession that the complaint was not an information as to the count of criminal possession of marihuana in the fourth degree, this concession, which was erroneous, is not binding upon this court. Moreover, contrary to the defendant’s contentions, the laboratory report clearly corresponds to the instant accusatory instrument. It contains the name of the separately charged defendant, Wilnara Portorreal, who is referenced in the information, as well as the name of the deponent officer, Nicholas Alexakis. It also contains a description of the items submitted for testing, which is consistent with the evidence that Officer Alexakis stated he recovered. Hence, the laboratory report, although filed and served unnecessarily, does not render the information defective because it lacks the defendant’s name. Instead, the absence of the defendant’s name *394 on the report is an issue to be explored on cross-examination of the officer at trial. In sum, the information is a jurisdictionally sufficient accusatory instrument. The People’s statements of readiness upon it therefore are valid (see People v Sherman, 24 Misc 3d 344, 351 [Crim Ct, NY County 2009]).
Because the People did not answer ready at arraignment on the count of criminal possession of marihuana in the fourth degree, they concede that they are chargeable with the 13 days between April 2, 2009 and April 15, 2009, when the People filed a certificate of readiness on that count. They in fact are chargeable with those 13 days (see Cortes, 80 NY2d at 210).
On April 29, 2009, the People announced ready for trial. The matter was adjourned until June 9, 2009 for open file discovery to be provided and in the alternative for possible disposition. This adjournment is excludable since the People satisfied their obligation under the statute by announcing their readiness for trial upon a valid accusatory instrument (see Giordano, 56 NY2d at 525; see also Caussade, 162 AD2d at 8). Additionally, this adjournment is excludable as a period of delay for discovery by stipulation (see People v Thomas, 26 Misc 3d 144[A], 2010 NY Slip Op 50441 [U], *1 [App Term, 2d, 11th & 13th Jud Dists 2010]; see also Worley, 66 NY2d at 525).
On June 9, 2009, the court set a motion schedule at the defendant’s request, with defense motions due June 30, 2009 and the People’s response due July 14, 2009. The court then adjourned the matter to July 28, 2009 for decision. Off-calendar on July 2, 2009, the defendant filed and served a motion to controvert the search warrant. This adjournment is excludable as a period of delay resulting from pretrial motions under CPL 30.30 (4) (a) (see Worley, 66 NY2d at 525).
On July 28, 2009, 26 days after the defendant had filed and served his motion to controvert the search warrant, the People had not yet filed and served their response. Accordingly, on that date, the court had no decision on the motion. The court directed the People to respond to the motion and again adjourned the matter for decision to October 5, 2009. Additionally, since a review of the search warrant, underlying affidavit and any minutes of the search warrant application proceeding was necessary to determine whether the warrant was properly issued based upon probable cause, the court ordered the People to provide these materials with their response. Since the People already had ample time to respond to the defendant’s motion, and the court could not decide the motion without the People’s *395 response, including the warrant, affidavit and any minutes, the court indicated that it would charge the People with all of the time until they filed and served their response with the requisite search warrant materials. On July 30, 2009, the People filed and served a response to the motion to controvert, affirming that the warrant was valid and properly issued, and that the “affidavit reveals that the information contained . . . was specific and provided probable cause to search the premises.” The People additionally stated that they were “prepared to go forward with proof of same should this Court grant a hearing.” The reasonable inference to be drawn from these statements is that the People were in possession of the search warrant and underlying affidavit at the time they prepared their response. Despite this, and although ordered by the court to provide these materials, the People did not furnish the court with the search warrant and underlying affidavit until September 17, 2009. Because the People’s neglect to provide the warrant and affidavit before that date prevented the court from rendering a decision on the motion to controvert, the People are chargeable with 51 days for this period on all counts (see McKenna, 76 NY2d at 64; People v Harris, 82 NY2d 409, 412 [1993]; see also People v Daley, 265 AD2d 566 [2d Dept 1999] [unreasonable period of delay resulting from the People’s unexcused and prolonged failure to provide defense with a redacted copy of the search warrant and supporting affidavit resulted in days chargeable to the People]).
On October 5, 2009, the court denied the defendant’s motion to controvert the search warrant but granted him leave to move for a Darden hearing to confirm the existence of the confidential informant and to submit proposed questions for the confidential informant at the hearing. The People announced ready for trial. The matter was adjourned to December 10, 2009 for the court to render a decision on a motion to dismiss for facial insufficiency filed and served by separately charged defendant Wilnara Portorreal. Since the People answered ready, they satisfied their obligation under the statute and this adjournment is excludable (see Giordano, 56 NY2d at 525). Additionally, this adjournment is excludable as a period of delay resulting from pretrial motions under CPL 30.30 (4) (a) (see Worley, 66 NY2d at 525).
Prior to December 10, 2009, defense counsel contacted the court ex parte and requested more time to submit proposed questions for the confidential informant at the Darden hearing. The court indicated that it would allow the defendant to submit *396 the proposed questions on December 10, 2009, when it intended to render a decision on separately charged defendant Wilnara Portorreal’s facial insufficiency motion. On December 10, 2009, the defendant submitted the proposed questions. The court adjourned the matter to February 3, 2010 for trial and indicated that it would conduct the Darden hearing ex parte off-calendar prior to that date. This adjournment is excludable as a period of delay resulting from pretrial motions under CPL 30.30 (4) (a) (see id.).
On February 3, 2010, defense counsel did not appear. He submitted an affirmation stating that he was engaged on trial in Bungs County and requested an adjournment to February 26, 2010 or thereafter to appear. Additionally, he stated that off-calendar on February 2, 2010 he had served by mail the instant motion to dismiss the information against the defendant pursuant to CPL 30.30. The People answered not ready and requested February 10, 2010 to be ready. The court adjourned the matter to March 10, 2010 for hearings and trial. On February 5, 2010, the defendant filed the instant speedy trial motion. Regardless of the People’s unreadiness on February 3, 2010, the adjournment to March 10, 2010 is excludable as a period of delay requested by the defendant due to his attorney’s engagement on trial and as a period of delay resulting from pretrial motions pursuant to CPL 30.30 (4) (a) (see id.).
On March 10, 2010, the matter was adjourned to May 6, 2010 for the court to render a decision on the defendant’s instant speedy trial motion. This adjournment is excludable as a period of delay resulting from pretrial motions and the period under which they are under consideration by the court pursuant to CPL 30.30 (4) (a) (see id.).
Pursuant to the above analysis, the court finds that 64 days are chargeable to the People to date on the count of criminal possession of marihuana in the fourth degree and that 51 days are chargeable on the counts of endangering the welfare of a child and unlawful possession of marihuana. Accordingly, because less than 90 days have elapsed since the defendant’s arraignment, the defendant’s motion to dismiss pursuant to CPL 30.30 (1) (b) is denied.

. Where, as here, the defendant is charged with multiple counts, the People must be ready for trial within the time allotted for the highest count (CPL 30.30 [1] [a]-[d]; People v Peluso, 192 Misc 2d 33, 39 [Crim Ct, Kings County 2002] [“(i)t is well established that for the purposes of prosecutorial readiness all counts in an action are governed by the time limit of the highest count, regardless of the time limit that a count would carry if it was brought independently”], citing People v Muniz, 129 Misc 2d 456, 458 [Crim Ct, Kings County 1985]).

. The information alleges that the defendant resides in the location of occurrence with his wife, Wilnara Portorreal, who is separately charged under docket No. 2009QN039176 with the identical offenses based upon the same evidentiary facts.

. The law of the case doctrine applies where the parties have had a “full and fair” opportunity to litigate the initial judicial determination (see People v Evans, 94 NY2d 499, 502 [2000]). Since this is the first time that the issue has been addressed in a written motion, with notice and opportunity for response, *393 the matter cannot be said to have been fully and fairly litigated before now. Moreover, law of the case in a criminal matter is distinct from the strict legal doctrine of claim and issue preclusion applicable in civil cases and is a more flexible concept (see id. at 504). Law of the case is a judicially crafted policy that expresses the practice of courts generally to refuse to reopen what already has been decided. It is not, however, a limit to a court’s power and instead directs a court’s discretion without restricting its authority (see id. at 503).

. Indeed, pursuant to Kalin, the positive marihuana field test filed and served at arraignment was unnecessary for conversion. This is so even though the deponent officer alleged that the positive field test provided an additional basis for his conclusion that the substance recovered was marihuana. Since the officer’s conclusion that the substance was marihuana was independently based upon his observations as well as his training and experience, the factual allegations regarding the field test are superfluous and need not be corroborated for the complaint to be deemed an information as to the marihuana counts.