*673 OPINION OF THE COURT
Edwin S. Shapiro, J.
The instant motion under CPL 170.30 (1) (e) for an order dismissing the accusatory instrument in this action pursuant to CPL 30.20, the constitutional/statutory "speedy trial” provision, and CPL 30.30, the prosecutorial delay provision, was originally brought in the Town of Mount Kisco Justice Court in August 1986. Upon the disqualification of both of the Mount Kisco Town Justices in December 1986, the People brought on a motion in the Westchester County Court for removal of the underlying action to Justice Court of the Town of Somers. Defendant, by cross motion, renewed its "speedy trial” motion before the County Court and sought, in the alternative, transfer of the action to the Justice Court of the Town of Yorktown.
The County Court, Colabella, J., denied the "speedy trial” cross motion for dismissal to the extent of ordering the removal of the entire action to the Justice Court, Town of Ossining. Consequently, defendant’s "speedy trial” motion is now before this court.
The underlying action was commenced in the Mount Kisco Justice Court on January 17, 1986, by the arrest of defendant and the filing of an accusatory instrument, charging her, under Penal Law § 205.30, with the misdemeanor of resisting the arrest of her brother who was arrested and charged with the crime of criminal trespass in the third degree. Under CPL 30.30 the People were under a statutory duty to declare readiness for trial within 90 days. The People declared readiness six days later, on January 23, during the defendant’s first appearance in the Mount Kisco Justice Court. Adjournments for defendant’s pretrial motions from January 23 to May 15, 1986, were at the defendant’s request. Defendant’s motions were denied.
On May 15, 1986, the People, without specifying its reason, moved in open court for leave to replace the pending resisting arrest misdemeanor charge with the charge of harassment as a violation under Penal Law § 240.25. Over the strenuous objection of defense counsel, the Mount Kisco court granted the People’s application, entered in its file a notation of a "not guilty” plea to the substituted charge, and set a trial date of August 14, 1986. Apparently, the People perceived the harassment charge as a lesser included offense within the original resisting arrest charge until August 6, 1986 when it filed a *674 new accusatory instrument charging harassment and alleging the following evidentiary facts: "That the above named defendant did, at the above time and place, push and shove me in an attempt to prevent my efforts to effect the arrest of her brother, Alra (Maxie) Gibson.”
After the jurisdictional inadequacy of the new information was addressed under the authority of People v Hall (48 NY2d 427 [1979]), on August 19, 1986 the People filed an amended accusatory instrument, alleging, in pertinent part, that defendant acted "with intent to harass, annoy or alarm”.
THE CPL 30.30 MOTION
The first question to be resolved is, "When was the pending action commenced — on January 17, 1986, or on August 6, 1986?”
Commencement of a criminal action for "speedy trial” purposes is defined in CPL 1.20 (17) as of the date an accusatory instrument is filed, "and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.”
I hold that the violation of harassment is not a lesser included offense as defined by CPL 1.20 (37), i.e., "[w]hen it is impossible to commit a particular crime without concommitantly committing, by the same conduct, another offense of lesser grade or degree”. It is quite possible to commit the crime of resisting arrest without concommitantly committing a harassment, and it is a theoretical rather than a factual analysis which must be employed. (People v Glover, 57 NY2d 61 [1982].)
Following People v Osgood (52 NY2d 37 [1980]) I also hold that the new accusatory instrument in the instant case is "directly derived from the initial one”.
Consequently, the new accusatory relates back to January 17, 1986, the date of the commencement of the action charging resisting arrest.
The People contend that this court must be concerned with only two operative dates, the commencement of the action January 17, 1986 and the People’s declaration of readiness on the ultimate accusatory instrument of August 19, 1986. The People contend that all the periods in between those dates, with the exception of the six days from January 17 to January 23, are properly excludable under CPL 30.30 (4).
This court disagrees.
*675 For purposes of calculating the time within which the People were required to be ready for trial, both the 90-day period applicable to class A misdemeanors and the 30-day period applicable to violations have elapsed unless the People’s announcement of "readiness” on January 23, 1986 applies to the accusatory instrument filed on August 19, 1986 or tolled by excludable time under CPL 30.30 (4).
This case is distinguishable from People v Colon (110 Misc 2d 917, affd 59 NY2d 921 [1983]) to the extent that on January 23, 1986 the People announced their readiness on a jurisdictionally complete misdemeanor information. However, the present charges do not comprise a lesser included offense. (People v Glover, supra; People v Moyer, 27 NY2d 252 [1970].) Consequently, the People’s "readiness” cannot apply to an information which did not come into existence until a date after the announcement of readiness — in fact, almost seven months thereafter. (People v Colon, supra.)
The People contend that on May 15, 1986 the defendant was arraigned on a "reduced”, albeit unfiled charge of harassment and that, in any event, defendant’s counsel waived the filing of a new accusatory instrument. However, the purported "reduction” on May 15, 1986 was a new charge requiring a jurisdictionally sufficient information. On May 15, 1986, the People could not have been ready on the prior information for the reason that such document was implicitly withdrawn on that date. And the People could not have been "ready” on the orally announced new charge until it was filed — on August 19, 1986.
The People’s argument of "waiver” must fail. (People v Connor, 63 NY2d 11 [1984]) is not in point. Connor dealt with the waiver provision of CPL 170.65 (3) which relates to CPL 170.10 (4) (d). Read together they provide that a defendant may not be prosecuted on a misdemeanor complaint that has not been replaced by an information unless the defendant waives that requirement. In the instant case, the challenge is not to sufficiency of the accusatory instrument, but to its very existence. Assuming, arguendo, that a waiver can nevertheless occur, it is uncontroverted that defense counsel explicitly objected to the purported "reduction” of the resisting arrest charge. As noted in People v Bernard (129 Misc 2d 1083 [Crim Ct, Queens County 1985]), the CPL does not provide for the "reduction” of misdemeanors. The People’s remedy was to file a superseding information pursuant to CPL 100.50. Absent *676 such a filing there is no commencement of a criminal action, as defined in CPL 1.20 (17). Having made a valid jurisdictional objection, the defendant did not consent to relieve the District Attorney of his obligation to file the required information within the strict time parameters of CPL 30.30.
CPL 30.30 was intended to eliminate unjustifiable delays. In the instant case the almost seven months delay from the inception of the criminal action as defined in CPL 1.20 (17) to the date upon which a legally sufficient accusatory was filed was not only unjustifiable, but also far beyond the 90-and 30-day time frames set forth in CPL 30.30.
The People contend that their time strictures tolled under People v Sinistaj (67 NY2d 236 [1986]) which held that where a second felony charge was substituted for the first one the time excludable under the first charge is also excludable under the subsequent charge. If the Court of Appeals had intended Sinistaj to apply to misdemeanors and violations, it would appear that it would have at least mentioned or distinguished such cases as People v Reid (110 Misc 2d 1083), People v Bernard (supra) and People v Colon (supra). The misdemeanor and violations cases are also distinguishable from felonies in that, for good reason, their CPL 30.30 time frames range from 90 days down to 30 days, as opposed to six months in felony cases. As a matter of policy, the People should not be allowed to circumvent the clear intent of CPL 30.30 as to its 30-day readiness rule for violations. They may not extend that deliberately short time frame by engrafting onto it excludable time which was applicable to a now discredited and withdrawn misdemeanor charge.
However, even assuming that the holding in Sinistaj properly applies to the instant case, I hold that the People could not have been ready for trial between May 15 and August 19, 1986 for the reason that a jurisdictionally valid information was not filed until the latter date. (People v Colon, supra.) Consequently, even if Sinistaj were to fully apply, the People are chargeable with 102 days. And even if the People’s declaration of readiness of January 23, 1986 can be properly applied to the new, and still insufficient information filed on August 6th, there would still be 89 days chargeable to the People. Under the reasoning in People v Bernard (129 Misc 2d 1083 [1985], supra) and People v Brown (133 Misc 2d 929 [1986]), the 30-day time frame should be applied to the instant case.
*677 Since the defendant’s motion under CPL 30.30 should be, and hereby is granted under any test, it is unnecessary to rule on the question of whether a total pretrial delay of almost IV2 years on a violation charge requires dismissal under CPL 30.20 and due process grounds.