OPINION OF THE COURT
Roger Hayes, J.
The defendant was arrested on August 18, 1987 and charged *319 with attempted sodomy in the first degree (Penal Law §§ 110.00, 130.50), assault in the second degree (Penal Law § 120.05) and resisting arrest (Penal Law § 205.30). On September 21, 1987, the charges were reduced to attempted sexual misconduct (Penal Law §§ 110.00, 130.20 — a class B misdemeanor), assault in the third degree (Penal Law § 120.00 —a class A misdemeanor) and resisting arrest (Penal Law § 205.30 — also a class A misdemeanor). On November 10, 1987, the People filed a superseding information charging the defendant with attempted sexual misconduct (Penal Law §§ 110.00, 130.20 — a class B misdemeanor) and harassment (Penal Law § 240.25 — a violation).
The defendant has moved pursuant to CPL 170.30 (1) (e) to dismiss the charges on the ground that' he has been denied his statutory right to a speedy trial.
The defense contends that the original accusatory instrument was facially insufficient with respect to all charges and the first jurisdictionally sufficient information filed by the People was the superseding information, filed on November 10, 1987. Thus, the defense argues that since the highest charge contained in the superseding information — attempted sexual misconduct — is a class B misdemeanor, the speedy trial time period applicable to this case is 60 days (CPL 30.30 [1] M).
In response to the defendant’s arguments, the People assert that pursuant to CPL 100.50 (1), the superseding information did not have the effect of dismissing the two class A misdemeanor charges — assault in the third degree and resisting arrest. Thus, the People contend that the 90-day period is applicable as the defendant has always been charged with a valid class A misdemeanor.
The original accusatory instrument, dated August 18, 1986, reads as follows:
"Deponent states that he is informed by Edna B. Rosa of an address known to deponent and the Assistant District Attorney that the defendant did attempt to subject the informant to an act of deviate sexual intercourse, to wit: contact between his penis and informant’s mouth by forcible compulsion in that he grabbed her wrist and twisted it leaving deep, red finger marks.
"Also deponent states that once he identified himself as a police officer the defendant attempted to flee the scene and the officer had to chase and apprehend him.”
*320 The count charging assault in the third degree is clearly facially insufficient as the accusatory instrument fails to contain both an allegation that the defendant intended to cause physical injury and sufficient factual allegations setting forth the nature of the physical injury caused by the defendant. "Deep, red finger marks” do not constitute "physical injury” as that term is defined in Penal Law § 10.00 (9). Accordingly, the count charging assault in the third degree is dismissed.
The court has reviewed the original accusatory instrument and finds the other two counts to be facially sufficient.
Penal Law § 130.20 (2) provides that a person is guilty of sexual misconduct when "[h]e engages in deviate sexual intercourse with another person without the latter’s consent”. Penal Law § 130.05 (2) (a) provides that lack of consent results from forcible compulsion. Forcible compulsion is defined in Penal Law § 130.00 (8) (a) as to compel by the "use of physical force”.
Although inartfully drawn, the count charging attempted sexual misconduct contains factual allegations sufficient to support each element of the crime. Here, the accusatory instrument contains facts alleging the defendant attempted to engage in deviate sexual intercourse (contact between his penis and the complainant’s mouth) through forcible compulsion (by grabbing and twisting the complainant’s wrist). Thus, this court finds that the count charging attempted sexual misconduct was sufficient as written in the original accusatory instrument.
Since the court has held the charge of attempted sexual misconduct to be sufficient, the count charging resisting arrest is sufficient as well. The factual allegations regarding the attempted sexual misconduct charge provide a sufficient basis to demonstrate that the underlying arrest of the defendant was authorized. (People v Alejandro, 70 NY2d 133 [1987].)
CPL 100.50 (1) provides when the People file a superseding information the first instrument is not superseded with respect to any count which charges an offense not charged in the second instrument. Therefore, although the charge of resisting arrest is not contained in the superseding information, the charge still remains. As the defendant has always been charged with a valid class A misdemeanor, the speedy trial time period applicable to this case is 90 days.
The defense further contends the People should be charged *321 with áll the time (83 days) until the filing of the superseding information. This court disagrees. In People v Sinistaj (67 NY2d 236 [1986]), the Court of Appeals held an indictment which replaces an earlier one in the same criminal action should be related back to the original accusatory instrument for the purpose of determining excludable time under CPL 30.30 (4).
In Sinistaj (supra), the Court of Appeals - set forth the reasoning behind its decision as follows:
"We perceive no logical reason why, when a subsequent indictment is related back to the commencement of the proceeding for purposes of applying the six-month limitation prescribed by CPL 30.30 (1) (a), it should not also be related back for the purpose of computing the time to be excluded from that limitation. A contrary holding — treating the subsequent indictment as part of the original criminal action for imposing the time limit under CPL 30.30 (1) (a), but not permitting the applicable exclusions under CPL 30.30 (4)— would offend the accepted rule of construction that all parts of a statute should be read together to determine the fair meaning of the whole (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 98). It would, in effect, afford different treatment to a subsequent indictment under subdivision (4) than that given under subdivision (1) (a). Such fragmenting of the statute in its application should be avoided. As we have recently emphasized, CPL 30.30, which should be implemented as one integral statutory scheme, must be interpreted 'so as to harmonize its various provisions’ (People v Anderson, supra, at p 535) * * *
"Contrary to defendant’s arguments, our construction of CPL 30.30 to require that all excludable periods must be deducted from the 'total time’ (People v Lomax, supra, at p 357), starting with the filing of the accusatory instrument (CPL 1.20 [16], [17]), is entirely consistent with the purpose of CPL 30.30 as a prosecutorial readiness rule. Nor is the construction unfair to defendant. The District Attorney remains entitled to but one six-month readiness period. The issuance of a successive indictment neither affords him additional excludable time nor does it renew, toll, or in any way supplement that single, six-month limitation which always commences to run upon the filing of the initial accusatory instrument.” (Supra, at 239-241.)
Although Sinistaj (supra) involved the prosecution of felo *322 nies, this court finds that the Court of Appeals reasoning should apply to the prosecution of misdemeanors as well. In Sinistaj the Court of Appeals reasoning focused on the purpose of the speedy trial statute and general principles of statutory construction. The court finds no reason to limit such logic to the prosecution of felonies.
In support of its position, the defense relies on People v Gibson (135 Misc 2d 672 [Justice Ct of Town of Ossining, Westchester County 1987]) where the court held Sinistaj (supra) to be inapplicablé to misdemeanors. Gibson, however, is distinguishable from the instant case. In Gibson, the superseding information replaced a jurisdictionally insufficient information whereas here the original accusatory instrument was held to be valid. However, even if the original information was legally insufficient, this court adopts the reasoning of the Court of Appeals in Sinistaj.
For the foregoing reasons, the court holds that time excludable under the original accusatory instrument is also excludable under the superseding information.
In this case, the time under CPL 30.30 is calculated as follows:
On August 19, 1987, the defendant was arraigned and the case was adjourned until September 2, 1987 for a corroborating affidavit. This 14-day period is chargeable to the People.
On September 2, 1987, the case was adjourned until September 21, 1987 for defense counsel to appear. This period is excludable. (CPL 30.30 [4] [f].)
On September 21, 1987, a motion schedule was set and the case was adjourned until November 10, 1987. This period is excludable. (People v Worley, 66 NY2d 523 [1985]; CPL 30.30 [4] [a].)
On November 10, 1987, the case was adjourned until December 16, 1987 for a Huntley hearing. This period is excludable. (People v Green, 90 AD2d 705 [1st Dept 1982].)
On December 16, 1987, the defense filed the instant motion. The People’s response was due on December 30, 1987 but was not filed until January 6, 1988. Thus, this seven-day period is chargeable to the People.
In this case, only 21 days are properly chargeable to the People. The defendant’s motion to dismiss is accordingly denied.