THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JULIO NEVAREZ, Defendant.

Criminal Court of the City of New York, New York County, March 14, 1989

APPEARANCES OF COUNSEL

*Robert M. Baum* and *Richard S. Davis* for defendant. *Robert M. Morgenthau, District Attorney (Gilda Riccardi* of counsel), for plaintiff.

## OPINION OF THE COURT

RENEE A. WHITE, J.

The defendant was arraigned and charged with two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), unclassified misdemeanors. The defendant now moves to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (e) on the ground that he has been denied his statutory right to a speedy trial pursuant to CPL 30.30 (1) (b).

CPL 30.30 (1) (b) clearly mandates that a motion to dismiss must be granted where the People fail to announce their readiness for trial within 90 days from the commencement of a criminal proceeding when the defendant has been charged with a crime punishable by imprisonment of more than three months. Once the defendant has alleged a delay of more than the permissible statutory time period, the People have the burden of demonstrating that the time is excludable. *(People v Santos,* 68 NY2d 859 [1986]; *People v Berkowitz,* 50 NY2d 333 [1980].)

The threshold issue that must be addressed is whether a court may disregard a prior court endorsement regarding chargeable time pursuant to CPL 30.30. Specifically, on January 11, 1989 and again on January 13, 1989 the People answered ready for a previously ordered *Huntley* hearing. The case, however, was adjourned to January 25, 1989 for discovery material. The court charged this period plus an additional one week as a sanction for their failure to provide the defendant with certain documents.

The People now argue that this period should be excluded. In essence the People allege that the discovery material requested by the defendant was completely unrelated to the issue of the *Huntley* hearing. The People further argue that the videotape of the defendant was previously made available to the defendant.

It is well established that calendar notations do not bind the court that ultimately determines such a motion to dismiss *(People v Berkowitz, supra; People v Klaus,* 104 AD2d 566 [2d Dept 1984]; *cf., People v Solomon,* NYLJ, Jan. 31, 1989, at 25, col 2 [Crim Ct, Kings County]). "[I]t is a determination which

is to be made when the defendant moves to dismiss on speedy trial grounds, and not at the time the adjournment is granted. This is so because there is no necessary connection between the validity of a particular ground for an adjournment and the question whether such a period is to be excluded. * * * [T]he calendar notations alone do not suffice to prove that the periods marked 'excluded' do in fact come within the ambit of the statutory exclusions." *(People v Berkowitz, supra,* at 349.)

■ This court holds that the prior court endorsement is not binding. A court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of coordinate jurisdiction. However, in this case, there has been no previous adjudication by any other court of coordinate jurisdiction regarding defendant's application to dismiss this action pursuant to CPL 30.30. Therefore, this court may entertain defendant's motion on its merits.

The court is mindful that a worksheet attached to the criminal court papers has a section for the presiding Judge to mark whether a particular adjournment is charged to the People for purposes of CPL 30.30. However, if the presiding Judge succinctly notes the reason for the adjournment, the parties present, and whether the defendant consented to the adjournment, but does not indicate whether such period is excludable under CPL 30.30 that determination would clearly be left solely to the Judge deciding the speedy trial motion. This practice would alleviate any problem resulting from either party's reliance on an endorsement which the court deciding the motion is unable to follow.

■ The substantive issue presented here concerns a court's authority to charge time, for CPL 30.30 purposes, as a sanction for the failure to provide discovery material. This court holds that there is no authority for such action. The court is unaware of any statutory provision or case law which suggests that once the People have announced their readiness the court may charge the People an arbitrary amount of time as a sanction for a failure to provide discovery material. Certainly, if the People fail to comply with defendant's demand for discovery the remedy is one of the sanctions listed in CPL 240.70 (1).

Once the People make a timely announcement of readiness, any subsequent delay in responding to discovery requests cannot be charged to the People. This period is excludable *(People v Jones,* 66 NY2d 529 [1985]; *People v Pierce,* 141 AD2d

864 [2d Dept 1988]; *People v Heller,* 120 AD2d 612 [2d Dept 1986]; *People v Cole,* 90 AD2d 27 [3d Dept 1982]).

The remainder of the adjournments are charged as follows:

On September 25, 1988 the defendant was arraigned. At that time the Legal Aid Society stated that the defendant did not qualify for their services. The case was adjourned to October 21, 1988 for defense counsel to appear. This period is excludable (CPL 30.30 [4] [f]).

On October 21, 1988 the presiding Judge directed the Legal Aid Society to represent the defendant. A corroborating affidavit was filed and a motion schedule was set. The case was adjourned to November 23, 1988 for the People's response and decision. The defendant argues that this period should not be excluded because the accusatory instrument was not yet converted to an information. Specifically, a second corroborating affidavit (which was not filed until Dec. 21, 1988) was necessary.

■ Although a second corroborating affidavit was necessary, the defendant's contention is in error. Adjournments requested or consented to by the defendant are not charged against the People. This is so even if the accusatory instrument before the court was not jurisdictionally sufficient. (CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523 [1985].)

On November 23, 1988 the People filed a response to defendant's motion. The court held the motions in abeyance and adjourned the case to December 7, 1988 for the second corroborating affidavit. This period of 14 days is charged to the People.

On December 7, 1988 the case was adjourned to December 28, 1988 for the corroborating affidavit. The corroborating affidavit was filed and served on December 21, 1988. The People argue that they should only be charged to the date the second corroborating affidavit was filed.

The filing of the second corroborating affidavit converted the accusatory instrument into a valid information, in conformity with CPL 100.40. However, such action is not a declaration of readiness. It is well settled that in order for the People to be "ready for trial" within the meaning of CPL 30.30, they must declare their readiness in open court, transcribed by a stenographer, or serve written notice of readiness to both defense counsel and the court clerk. The declaration must be of present readiness *(People v Kendzia,* 64 NY2d 331 [1985]). As the People did not file a certificate of readiness with the

corroborating affidavit on December 21, 1988, the entire 21-day period is chargeable to the People.

On December 28, 1988 the court ordered a *Huntley* hearing and adjourned the case to January 11, 1989. This period is excludable *(People v Green,* 90 AD2d 705 [1st Dept 1982]).

As discussed above, since the People were ready on January 11, 1989, the period from January 11 to January 25, 1989 is excludable.

On January 25, 1989 and January 27, 1989 a *Huntley* hearing was conducted. The case was adjourned to February 15, 1989 for trial. This period is excludable (CPL 30.30 [4] [a]).

On February 15, 1989 the defendant filed this instant motion and the case was adjourned to March 15, 1989 for decision. This period is excludable (CPL 30.30 [4] [a]; *People v Worley, supra).*

In total only 35 days are properly charged to the People. Defendant's motion to dismiss pursuant to CPL 30.30 is denied.