OPINION OF THE COURT
Alfred Donati, Jr., J.
Defendant is charged in a superseding information with operating a motor vehicle while impaired by drugs (Vehicle and Traffic Law § 1192 [4] — an unclassified misdemeanor punishable by a sentence of imprisonment of up to one year), operating a motor vehicle while impaired by alcohol (Vehicle and Traffic Law § 1192 [1] — a traffic infraction), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03 — a class A misdemeanor), and unlawful posses *142 sion of marihuana (Penal Law § 221.05 — a violation). He moves to dismiss the accusatory instrument on the ground that he has been denied his statutory right to a speedy trial. (CPL 170.30 [1] [e]; 30.30.)
Pursuant to CPL 30.30 (1) (b), where a defendant is charged with one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony, the People are required to be ready for trial within 90 days.
PROCEDURAL HISTORY
This action commenced on May 8, 1988 when the initial accusatory instrument was filed and defendant was arraigned. A motion schedule was set at arraignment and the matter adjourned to June 6, 1988. (On June 1, 1988, the matter was on the court calendar in error.) On June 6, 1988, the People’s response to defendant’s motion and the laboratory report were served and filed and the matter was adjourned to July 5, 1988 for Mapp and Huntley hearings. On July 5, 1988 the People were not ready for hearings and the matter was adjourned to July 15, 1988. On July 15, 1988, the People were again not ready for hearings and the matter was adjourned to July 19, 1988. On July 19, 1988, the People were again not ready for hearings and the matter was adjourned to August 17,1988.
On August 11, 1988, defense counsel had filed, and previously served off-calendar, a motion to dismiss the Vehicle and Traffic Law § 1192 (4) charge for facial insufficiency. The court granted this motion on August 17, 1988.
On August 17, 1988, the People again were not ready and the matter was adjourned to August 31, 1988.
On August 31, 1988, the People were not ready and the matter was adjourned to September 20, 1988 with the court papers indicating the People were to be charged two weeks.
On September 20, 1988, the People filed the superseding complaint and corroborating affidavit and the case was adjourned on consent to September 23, 1988.
On September 23, 1988, the defendant made the instant speedy trial motion and the matter was adjourned to November 7, 1988.
On November 7, 1988, the People had not responded to defendant’s motion papers which they received late, and the matter was adjourned to November 23, 1988 for the People’s *143 response. The case was on the calendar again on November 23, 1988 and January 23,1989. On January 23,1989 the court indicated to both sides that the instant written opinion would follow.
LEGAL DISCUSSION
Continuity of a criminal action remains intact even through issuance of successive accusatory instruments (People v Lomax, 50 NY2d 351 [1980]). The replacement of one accusatory instrument by another involving the same crimes does not affect time computation under CPL 30.30. This time excludable under the original accusatory instrument is also excludable under the superseding information (People v Sinistaj, 67 NY2d 236 [1986]; People v Druskovic, 139 Misc 2d 318 [Crim Ct, NY County 1988]).
The People argue, inter alia, that the time allowable for motion practice here following defendant’s arraignment is excludable. It is a correct statement of the law that generally (i.e., absent nonexcused delay) time allocated to motion practice is excluded (CPL 30.30 [4] [a]). However, the rationale for such rule is that, absent the motions, the People would be able to set about getting "ready”, that is, to go about securing and scheduling witnesses, tangible evidence, etc., and proceeding to trial of the issues in the jurisdictionally sufficient complaint.
In the instant case, prior to the September 20, 1988 superseding complaint and corroborating affidavit the People never were — nor indeed could they be — "ready” in the CPL 30.30 sense, to proceed to trial on the Vehicle and Traffic Law § 1192 (4) violation charge because, as determined by Judge Sayah on August 17, 1988, that charge was not jurisdictionally sufficient (see, People v Colon, 59 NY2d 921 [1983], revg 112 Misc 2d 790 [App Term, 1st Dept 1982], revg 110 Misc 2d 917 [Crim Ct, NY County 1981]). Readiness by the People to try the issues in a jurisdictionally defective complaint or information is not readiness within the meaning of CPL 30.30. The court, therefore, finds that, as the original Vehicle and Traffic Law § 1192 (4) change was facially insufficient, the time for motions addressed to that count of the accusatory instrument and the period subsequent to the hearings ordered consequent on those motions are not excludable.
The People’s reliance on People v Worley (66 NY2d 523) is misplaced. In Worley the Court of Appeals held that by *144 requesting or consenting to a delay in the proceedings, the defendant had waived chargeability of that period notwithstanding the fact that the complaint had not been converted to an information. The court then stated that exclusions rest generally on theories of estoppel or waiver. The instant case is distinguishable. The defendant in this case proceeded with motions at arraignment on the erroneous predicate that the instrument was valid. It was not until the court, on August 17, 1988, dismissed the Vehicle and Traffic Law § 1192 (4) charge that this perception was corrected. In order to be valid, a waiver must be knowingly and intelligently made. (See, People v Laspina, 135 Misc 2d 422, 429, n 2 [Crim Ct, Bronx County 1987], interpreting People v Worley, supra). Absent such a knowing and intelligent waiver the rationale of Worley is inapplicable. No such waiver was made by defendant in the instant case.
Nor is this the type of case where the People may argue detrimental reliance prior to judicial determination. Assuming the People were proceeding in the mistaken good-faith belief that, prior to the determination of the jurisdictional defect, the instrument was valid, the policy question is raised as to where in such circumstances the burden should be placed — on the People or the defendant. In this court’s view, the People have the responsibility for, and thus the burden of providing, a jurisdictionally valid instrument on which to proceed. In this case, their failure to do so as to the Vehicle and Traffic Law § 1192 (4) count requires that the People be charged with all of the time, from arraignment, until the filing of the superseding instrument, as to that count.
Accordingly, as more than 90 days had transpired from the date of arraignment to the date the People filed the superseding complaint and corroborating affidavit and answered "ready”, the People failed to answer ready within the statutorily prescribed time and that count of the accusatory instrument is dismissed.
Although the first count of the accusatory instrument must be dismissed for the reasons stated, those reasons do not apply to the remaining counts, which are not jurisdictionally defective; as to these counts 71 chargeable days* had elapsed on *145 September 23, 1988, the date defendant moved to dismiss pursuant to CPL 30.30 and thus as to those counts, defendant’s motion is denied. (See, People v Minor, NYLJ, Mar. 1, 1989, at 24, col 6 [App Term, 2d Dept 1989].)

 The People’s calculations submitted in their papers in opposition are correct except that they exclude the period between August 11 and August 17, 1988. That period, however, was not part of any motion schedule set by the court, and the People were not ready on August 17. That additional period should be included in the time charged to the People.