■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BATISTA, Appellant.—Judgment of the Supreme Court, New York County (Jeffrey Atlas, J.), rendered September 9, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and, upon his guilty plea, of criminal sale of a controlled substance in the third degree, for which defendant was sentenced to concurrent terms of 5 to 10 years, unanimously affirmed.

The only issues raised on appeal concern review of the rulings of two successive motion courts which denied defendant's motion to dismiss the indictment pursuant to CPL 30.30, and the purported excessiveness of defendant's sentence. Upon a review of the chronology of adjournments prior to trial, we do not agree with defendant that in excess of six

months of nonexcludable time had elapsed, requiring dismissal (CPL 30.30 [1] [a]; 210.20 [1] [g]). Although the first motion court accepted, for purposes of argument, defendant's position at the time with respect to the calculation of nonexcludable days, in concluding that six months had not yet elapsed, this is not to be equated with a factual finding that, in actuality, a total of 170 days had already elapsed. Rather, we agree with the factual findings of the second motion court that, with respect to each of the two indictments, six months had not elapsed when the People finally were ready to proceed to trial. We also note the applicability of *People v Kendzia* (64 NY2d 331, 336) with respect to the reasonable period of delay which entailed the People's response to defendant's motion. Finally, defendant's challenge to the sentence imposed is meritless. Concur—Kupferman, J. P., Ross, Carro, Asch and Ellerin, JJ.