OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This case presents the uncommon question whether time spent on a preconversion motion which was filed not at defendant’s request, but in compliance with a court directive over defendant’s objection should be excluded from speedy trial time inclusion pursuant to CPL 30.30 (4) (a) and People v Worley (66 NY2d 523 [1985]). Defendant, who is charged with one count of operating a motor vehicle while impaired by drugs (Vehicle and Traffic Law § 1192 [4]), has moved for an order dismissing the information for the People’s failure to accord him a speedy trial pursuant to CPL 30.30 (1) (b). For the following reasons, this court concludes that Worley does not apply to the instant facts, that the period pertaining to the preconversion motion should be included in the speedy trial calculation, and that the information should be dismissed for failure of the People to accord defendant his statutory right to a speedy trial.
THE CHRONOLOGY OF THE CASE
Defendant was arraigned on August 25, 1994 on a complaint charging the unclassified misdemeanor of Vehicle and Traffic Law § 1193 (1) (b).[1] That complaint was based on a hearsay allegation by Craig Weinberg that defendant was under the influence of "a prohibited drug”, not further identified. The minutes of the arraignment show that defense counsel promptly sought to learn the drug which formed the basis of the charge.[2] The court then made the following inquiry:
"the court: He’s not employed, I’m looking at the Fire Department shirt, I’m just wondering what that’s about?
*218 "mr. bomba: I’ll inquire about that. I guess it’s just cosmetic.
"the court: Are you working?
"mr. knapp: No.
"the court: You’re on welfare?
"mr. knapp: Yes.
"the court: Bring in the welfare card on the next date so we can verify.
"mr. knapp: Yes, sir.
"the court: How long does it take for the blood test — about a month?
"mr. bomba: The 27th?
"the court: Alright. September 27th for blood test results and welfare I.D. card.”
The matter was thus adjourned to September 27, 1995.
On that date, the issue of the identity of the drug at issue arose again, when the People informed the court that they did not yet have the results of the blood test. The minutes of that proceeding then read as follows:
"mr. rintel:[3] No, I would indicate the blood test—
"the court: There is no blood test indicated in the body of the complaint. If it is facially insufficient, it should be dismissed. The People would have to submit a superceding.
"mr. rintel: If there was a blood test.
"the court: Either the factual allegations stand or not. I’ll set a motion schedule in this case. Please serve by the close of business, October 11th, for the People’s response, October 25th. Parole continued.
"mr. rintel: It would seem to me, for the record, that if there is no blood test and it is negative—
"the court: Make a demand for discovery for the blood test. October 25th, parole continued.
"mr. rintel: Note my exception to the aspect of the conclusory complaint.”
On October 20, 1995, defendant served upon the prosecutor an omnibus motion.
At the next call of this case on October 25, 1994, defense counsel again spoke to the issue of the blood test:
*219 "mr. bomba: Perhaps we could have a prosecution response and blood testing.
"the court: Did you make a motion to dismiss for facial insufficiency?
"mr. bomba: Not at this time. I’d rather wait for the 30.30 time to elapse.”
The matter was then adjourned to November 9, 1994, when the People informed the court that they did not file a response to the omnibus motion, as they still were awaiting results of a blood test. The court then adjourned the case to November 30, 1994 with a marking of final for the People’s reply.
On November 30, 1994, some 97 days after the arraignment, the People filed a superseding complaint which specified the "prohibited drug” allegedly used, phencyclidine. On that date, a laboratory report was filed, thus converting the complaint to an information. Once again, defense counsel raised the issue of sufficiency:
"mr. leykam: Your Honor, at this time, this is Mr. Bomba’s case, considering they just amended the complaint, I think he should review that. I suggest that we put it over for conference rather than for trial.
"the court: How is it different?
"mr. leykam: Your Honor, they list the drug down, they didn’t before.”
The court then ordered certain suppression hearings and adjourned the matter to January 12, 1995 for those hearings.
On December 9, 1994, defendant served upon the prosecutor the instant motion for dismissal for want of a statutory speedy trial. The People subsequently filed reply papers dated January 11, 1995.
At no point in this case did defendant waive his right to prosecution by information under CPL 170.65.
THE POSITIONS OF THE PARTIES

The Position of Defendant:

In support of his motion defendant argues that the 95 (actually 97) day expanse between arraignment and conversion of the superseding accusatory instrument on November 30, 1994 violates the defendant’s right to a speedy trial within 90 days as provided by CPL 30.30 (1) (b). Defendant argues that the motions filed by him were done before the People *220 filed the new accusatory instrument and supporting deposition on November 30, 1994, and "were done by court order, over objection because the complaint was not an information because of the lack of a blood test”.[4]

The Position of the People:

The People counter with the following construction of the proceedings. On August 25, 1994, an accusatory instrument was filed charging defendant with the unclassified misdemeanor of Vehicle and Traffic Law § 1192 (4). Defendant was arraigned before another Judge of this court on that date on that charge, and the case was adjourned in part to determine defendant’s eligibility for Legal Aid Society counsel. The court directed defendant to produce his welfare identification card on September 27, 1994, the adjourned date. On the latter date, the Judge then presiding asked defendant if he had his welfare identification card, before assigning Legal Aid Society counsel to represent defendant. The People thus contend that this 33-day period is excludable under CPL 30.30 (4) (f) and People v Nevarez (142 Misc 2d 1064, 1067 [Crim Ct, NY County 1989] [White, J.]).
The People argue that the 28-day period from September 27, 1994 until October 25, 1994 is excludable since the case was adjourned to permit the filing of defense motions. The People rely on CPL 30.30 (4) (a) and People v Worley (supra) for support of that position.
The People next contend that the period from October 25, 1994 to November 9, 1994 should not be charged to the People since defense motions were not served upon the People on October 11, 1994, the date set by the court, but were filed nine days later on October 20, 1994, thus excusing the nonsubmission of a response by the People on October 25, 1994. The People rely on CPL 30.30 (4) (a) and on People v Batista (166 AD2d 278 [1st Dept 1990]) in support of that position.[5]
The People concede that the 21-day period from November 9, 1994 until November 30, 1994 is chargeable to the People, for the reason that on the former date the People once again failed to respond to defense motions.
*221 The People assert that they answered ready for trial on November 30, 1994.
Finally, the People term defendant’s argument that the defense motions were filed over objection as "without merit and unsupported by the record.”[6] Rather, the People ascribe the filing of defendant’s motion and the defendant’s "purposeful delay” in moving to dismiss for facial insufficiency as "part of a tactical plan and had nothing to do with the compulsion of the Court.”[7]
The People do not address the assertion presented by defendant that the complaint was not and could not be converted to an information without the filing of the laboratory report.
THE LEGAL ANALYSIS
Vehicle and Traffic Law § 1192 (4) is punishable by a maximum jail sentence of one year, the same sanction provided for a class A misdemeanor (Vehicle and Traffic Law § 1193 [1] [b]). As such, CPL 30.30 (1) (b) requires the People to be ready for trial within 90 days of the commencement of the criminal action.
Analysis of this motion properly begins with recognition of six factual certainties.
First, a criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20 [17]). That was done in this case on August 25, 1994.
Second, that instrument was not an information, since it failed to comply with the requirement of CPL 100.40 (1) (c) that it contain nonhearsay allegations in its factual part. The reference to a "prohibited drug” required, at a minimum, a laboratory report of analysis confirming that there was a controlled substance there at play. No such report was then filed.
Third, that report was not forthcoming until November 30, 1995.
Fourth, when more than one accusatory instrument is filed in a criminal action, the law construes that action as commencing when the first of such instruments is filed (CPL 1.20 [17]; see also, People v Osgood, 52 NY2d 37 [1980]). Thus, the August 25, 1994 commencement date of the instant criminal *222 action is unaffected by the replacement of the initial accusatory instrument on November 30, 1994.
Fifth, defendant never requested an adjournment of this case before November 30, 1994, nor did he express consent to one during that period.[8]
Sixth, the motion schedule that was given on September 27, 1994 was a sua sponte act of the court, followed immediately by protest of that order by defense counsel.
Against that backdrop, it is next necessary to review the adjournments in this case and determine the speedy trial implications of each.

August 25, 1994 to September 27, 1994:

At arraignment, defendant was represented by his current counsel, a staff attorney with the Legal Aid Society. He did not request an adjournment to procure counsel. The situation here is identical to that in People v Masellis (140 Misc 2d 1024 [Crim Ct, NY County 1988] [Goodman, J.]) where, as here, the Arraignment Judge questioned the propriety of Legal Aid Society representation, but did not relieve the Society. There, as here, defendant was represented by the Legal Aid Society both at his arraignment and at the representation hearing. The court there concluded that the adjournment from arraignment to the next date, when a hearing on whether defendant was entitled to free legal representation occurred was not excludable under CPL 30.30 (4) (f), which exempts from speedy trial time inclusion periods where defendant "is without counsel through no fault of the court; except when the defendant is proceeding as his own attorney with the permission of the court”.
The same result should follow here. Defendant was instructed by the court to produce his public assistance identification card in order to resolve the court’s concern with defendant’s eligibility for Legal Aid Society counsel. He did so on September 27, 1995 and the Legal Aid Society counsel was then "assigned” to this matter, although that attorney had not been relieved by the court and had in fact remained as counsel for defendant since his arraignment. Having made no request for an adjournment for counsel, defendant therefore *223 did nothing to occasion this 33-day delay and thus should not be penalized by its exclusion under CPL 30.30 (4) (f). This period should be charged to the People.

September 27, 1994 to October 25, 1994 and October 25, 1994 to November 9, 1995:

The question pertaining to these periods of time is whether the provision of CPL 30.30 (4) (a) which excludes a reasonable period expended in pretrial motion practice should be applied, since defendant did file motions as directed by the court.
Prior to People v Worley (supra), the weight of authority was that the People are chargeable with that CPL 30.30 speedy trial time which elapsed before the accusatory instrument was converted to an information (People v Bonner, 123 Misc 2d 916 [Crim Ct, Kings County 1984] [Miller, J.]; People v Jackson, 125 Misc 2d 870 [Crim Ct, Kings County 1984] [Rienzi, J.]). This rule also applied notwithstanding the filing of motions by defendant (People v Thompson, 111 Misc 2d 521 [Crim Ct, NY County 1981] [Atlas, J.], affd 120 Misc 2d 444 [1983]; People v Arturo, 122 Misc 2d 1058 [Crim Ct, NY County 1984] [Koch, J.]).
Worley (supra), however, wrought a different result. There the Court of Appeals consolidated for decision two unrelated cases. In each case the People had failed to convert the complaint to an information within the applicable CPL 30.30 (1) (b) 90-day period. However, in each case a number of preconversion adjournments were granted at the request or with the consent of defendant. Taking specific note of the statutory provisions excluding from speedy trial calculation the period of time necessary for pretrial motions (CPL 30.30 [4] [a]) and the period of delay resulting from a continuance granted at the request or with the consent of defendant (CPL 30.30 [4] [lb]), the Court wrote: "Inasmuch as the Legislature intended CPL 30.30 to address delays caused by the People, the time required for defendant’s pretrial motions and his requested adjournments should be excluded. Those delays have been caused by the defendant for his own benefit, and with the court’s permission, under circumstances in which both the defendant and the court have determined that the adjournment is desirable. In view of the defendant’s express waiver of the delay, the People are not required to causally trace their lack of readiness to defendant’s actions before the court is warranted in excluding the periods resulting from *224 adjournments authorized by subdivision 4 (a) and (b).” (People v Worley, 66 NY2d, at 527, supra.)
Careful reading both of Worley (supra) and of the minutes of the preconversion proceedings in this prosecution suggests that its holding was not meant to be an absolute one, pertaining unvaryingly to every circumstance in which a defendant files a pretrial motion. Worley does not present such a declaration. Moreover, were the filing of motions to be per se dispositive of CPL 30.30 excludability, the result would be substantial injustice in circumstances such as those here present.
Several reasons support that conclusion. First, as noted above, this record is bereft of any defense request for adjournment before November 30, 1994, the date on which the superseding accusatory instrument and laboratory report were filed. Second, the accusatory instrument toward which motions were directed and filed did not identify the "prohibited drug” at issue, much less present expert proof that it was indeed a controlled substance. Thus, defendant was in no position to intelligently prepare a defense. This is unlike the common situation where a complaint fully identifies the charge, necessary parties and particulars, subject only to a supporting deposition from a named complainant. To the contrary, as the minutes make plain, defense counsel was concerned from the outset about the very nature of what the People were charging, voicing the concern detailed in footnote 2 (supra), that "if we have to plead to the docket, we should at least find out if there were drugs”.
Third, defendant did not request a motion schedule. Rather, on September 27, 1994, the court imposed one sua sponte on defendant. Fourth, the minutes of that proceeding reveal that immediately after the court did so, defense counsel noted his exception to the process. Fifth, at every calendar call of this case before conversion on November 30, 1994 defense counsel raised the question of corroboration, thus registering his protest at the inadequacy of the complaint. Finally, it was only after the 90-day period elapsed that the People even identified the "prohibited drug” that formed the corpus of the charge.
There being no defense request for an adjournment in the period before November 30, 1994, nor any expressed consent to one, the question becomes whether there was implied consent to the adjournment from September 27, 1994 to October 25, 1994. This court believes not. To the contrary, it appears that defense counsel correctly characterizes the filing of the preconversion motion as "done by court order, over *225 objection”.[9] Indeed, the circumstances attending that motion give every indication that it was involuntarily filed at court direction, following repeated, continuing unsuccessful efforts by counsel to learn the identity of the "prohibited drug” cited in the then-pending complaint, and under immediate protest against the court’s sua sponte order setting the motion schedule on the unconverted complaint. Moreover, it is clear that defendant did nothing during this period of time to prevent or delay the People from converting the complaint to an information.
Taken together, these facts persuade this court that People v Worley (supra) was not intended to apply to a situation such as this one. For unlike Worley, the periods devoted to the preconversion motion in this case cannot be accurately termed "delays [that] have been caused by the defendant for his own benefit, and with the court’s permission, under circumstances in which both the defendant and the court have determined that the adjournment is desirable”; nor does this record contain, as there, "defendant’s express waiver of the delay” (People v Worley, supra, at 527).[10]
Accordingly, the 28-day period from September 27, 1994 to October 25, 1994 should be charged to the People, as should the 15-day period from October 25, 1994 to November 9, 1995.

November 9, 1994 to November 30, 1994:

The parties agree, and this court concurs, that this 21-day period should be charged to the People.
CONCLUSION
For the foregoing reasons, this court concludes that 97 days of includable time under CPL 30.30 passed before the People answered ready for trial. Accordingly, defendant’s motion for an order dismissing the information on the ground that the People deprived defendant of his right to a speedy trial pursuant to CPL 30.30 (1) (b) is granted.

. Since calendar notations on court papers cannot suffice to determine whether a period in contention is excludable or includable for speedy trial purposes (People v Berkowitz, 50 NY2d 333, 349 [1980]), this court has read and relied on the minutes of the court proceedings here in question.

. The transcript of the arraignment minutes read as follows in pertinent part: "mr. bomba: Yes, Your Honor, I would ask that we get the results of the blood test and if we have to plead to the docket, we should at least find out if there were drugs.”

. Howard Rintel is a Legal Aid Society attorney who appeared for his colleague, Thomas F. Bomba, at the calendar call of this case on September 27, 1994.

. Affirmation of Thomas F. Bomba, counsel for defendant, dated Dec. 6, 1994, para 7, at 4.

. The People have not indicated the applicability of People v Batista (supra) to the case at bar. Nor does an independent reading of that opinion yield any present relevance.

. Affirmation of Assistant District Attorney Maria Colonna, dated Jan. 16, 1995, para 12.

. Id.

. Read in context, defense counsel’s reference at the arraignment to "The 27?” cannot be fairly construed as a request for an adjournment, but merely as a response to the court’s inquiry of what date should be set for the necessary adjournment for the report of the blood test result.

. See, n 4, supra.

. This record is devoid of evidence that, as the People contend, defendant acted with "purposeful delay” in moving for dismissal as part of a "tactical plan” which "had nothing to do with the compulsion of the Court”. To the contrary, it appears that counsel did no more than what his requisite fidelity to his client suggested: i.e., exercise his informed discretion to litigate this case in a fashion that would benefit the accused.