OPINION OF THE COURT
Lucy Billings, J.
On October 6, 1997, defendant was arraigned on a misde *106 meanor complaint charging him with violating Vehicle and Traffic Law § 1192 (2) and (3), operating a motor vehicle while intoxicated, and Administrative Code of the City of New York § 16-118 (6), urinating in public. The offenses under Vehicle and Traffic Law § 1192 (2) and (3) are class A misdemeanors punishable by imprisonment of more than three months. Therefore the People were required to declare their readiness for trial on the three charges within 90 days, by January 3, 1998, absent excludable time. (CPL 30.30 [1] [b].)
On March 19, 1998, defendant moved to dismiss the accusatory instrument on the ground that the People were not ready for trial within the statutory time. (CPL 30.30 [1] [b]; 170.30 [1] [e].) They have not yet declared their readiness for trial. Thus defendant has demonstrated a prima facie violation of the trial readiness rule, placing the burden on the People to establish sufficient excludable time to permit the prosecution to continue. (People v Luperon, 85 NY2d 71, 77-78 [1995]; People v Santos, 68 NY2d 859, 861 [1986]; People v Fields, 214 AD2d 332 [1st Dept 1995].)
The Sufficiency of the Record
Defendant requests a hearing on his motion to dismiss. Even without an explicit request for a hearing, the court must determine the threshold issue of whether the record presented permits disposition of the motion without a hearing. The only period the parties dispute is excludable is December 17, 1997, to February 25, 1998. With the parties’ consent, the court ordered the transcripts of proceedings on December 17, 1997, adjourning the case to January 27, 1998, and on January 27, adjourning the case to February 25, 1998. These transcripts are the material evidence determinative of whether the adjournments for these periods should be chargeable to the People. Any relevant facts on which the parties do not agree may be determined from the minutes of these disputed adjournments. Beyond the court’s review of the transcripts, no hearing is required. (People v Colon, 110 Misc 2d 917, 919 [Crim Ct, NY County 1981], revd 112 Misc 2d 790, revd and Crim Ct order reinstated for reasons stated in opn of Atlas, J., 59 NY2d 921 [1983]; cf., People v Santos, 68 NY2d, supra, at 861.)
The Record of Events
(1) On October 6, 1997, the Legal Aid Society was assigned to represent defendant, he was arraigned, and the case was *107 adjourned to December 17, 1997. Upon the People’s filing and serving a corroborating affidavit of Police Officer McQuiston, the court at arraignment (Murphy, J.) deemed the complaint converted to an information. The court adjourned the case to permit defendant to retain other counsel. According to defendant, the decision converting the complaint was erroneous. The People claim that the court adjourned the case to permit them to file a further corroborating affidavit and concede that this adjournment period is chargeable to them.
(2) On December 17, 1997, defendant’s current counsel appeared and inquired whether two corroborating affidavits, including one from Officer Williams, had been filed. The court (Bartley, J.), considering itself bound by Judge Murphy’s prior determination, responded that the accusatory instrument had been deemed an information. Defendant’s counsel then made an oral motion to dismiss based on the lack of corroboration, adding:
“If the court denies my application then at this time, I would ask it to be without prejudice so I can make a further application on paper.
“the court: That application is denied without prejudice, counsel.
“me. mcgowen: Okay. I ask for a motion schedule.” (Transcript of proceedings, Dec. 17, 1997, at 3.)
The court set a schedule for defendant’s motions to be filed and served by January 9 and the People’s response and the court’s decision on the adjournment date, January 27, 1998. The People concede that they failed to convert the accusatory instrument to an information on December 17, 1997.
(3) On January 27, 1998, defendant’s counsel again inquired whether a corroborating affidavit had been filed. He pointed out that part of his motions filed and served January 23, 1998, claimed that the People had not converted the accusatory instrument to an information. The court directed the People to file any further corroboration as soon as possible, extended the People’s time to respond to the motions, and adjourned the case to February 25, 1998, for the response and decision. Although the People failed to file their response to defendant’s motions by January 27, this delay is attributable to defendant’s noncompliance with the court-ordered motion schedule in not filing and serving his motions until January 23, 1998.
(4) On February 25, 1998, the People filed the further corroborating affidavit, converting the accusatory instrument to an *108 information. The court decided the remaining motions, granting pretrial hearings on motions to suppress evidence, and adjourned the case to March 25, 1998, for the hearings. On March 19, 1998, defendant filed this motion to dismiss.
The Parties’ Positions
The People maintain that when defendant proceeded with his motions December 17, 1997, he waived any further prereadiness delay due to the People’s failure to convert the complaint to an information. (CPL 30.30 [4] [a].) Defendant agrees the time after February 25, 1998, is excludable because of his motion practice. (Id.; People v Worley, 66 NY2d 523, 527 [1985]; People v Torres, 60 NY2d 119, 127 [1983]; People v Batts, 227 AD2d 224 [1st Dept 1996]; People v Knight, 163 AD2d 583, 586 [2d Dept 1990].) Defendant contends, however, that the People’s failure to convert the complaint to an information renders CPL 30.30 (4) (a)’s exclusion inapplicable to the two adjournment periods between December 17, 1997, and February 25, 1998.
The statutory exclusions are intended to relieve the People of their duty to be ready for trial when they are not responsible for the delay in proceedings. Defendant takes this proposition a step further, urging that without an accusatory instrument on which the People can announce their readiness for trial, they are responsible for the delay and cannot invoke the exclusions.
In addition, defendant contends that his motion practice did not waive any prereadiness delay due to the People’s failure to convert the complaint. He claims he had no alternative, based on the court’s erroneous ruling at arraignment deeming the complaint an information, which the court compounded on December 17, 1997, in confirming that the court at arraignment had indeed deemed the complaint an information. He argues that the misdemeanor complaint was a jurisdictionally defective accusatory instrument upon which neither his discovery demands, CPL 240.20 (1), nor his motions could proceed, and that this defect was nonwaivable.
As the 90-day trial readiness time expired January 4, 1998, the issue is whether sufficient time between December 17, 1997, and February 25, 1998, is excludable to permit the prosecution to proceed.
The Effect of the People’s Failure to Convert the Complaint
People v Worley (66 NY2d 523, supra) explicitly forecloses any argument that the tolling provisions of CPL 30.30 are inef *109 fective because defendant’s actions did not prevent the People from converting the misdemeanor complaint to a triable information. Where the People fail to convert a complaint, CPL 30.30 (4) (a)’s exclusion for defendant’s motion practice fully applies. (People v Worley, 66 NY2d, supra, at 527.)
Defendant’s argument that the court lacked jurisdiction to entertain the motion practice conflates a court’s subject matter, personal, and trial jurisdiction. With the limited exception where a defendant is issued an appearance ticket (CPL 30.30 [5] [b]), the filing of an accusatory instrument commences a criminal action, and a defendant’s appearance in court and arraignment on that instrument confers personal jurisdiction. (CPL 1.20 [9], [16], [17]; 100.05; People v Stirrup, 91 NY2d 434, 438-439 [1998]; People v Grant, 16 NY2d 722, 723 [1965].) A valid, facially sufficient accusatory instrument is a nonwaivable jurisdictional predicate to a criminal trial. (People v Alejandro, 70 NY2d 133, 134 [1987]; People v Case, 42 NY2d 98, 99 [1977].) A misdemeanor complaint, however, is a valid instrument to commence a criminal action and confer subject matter jurisdiction. (CPL 100.10 [4].) The court acquires personal jurisdiction over the accused when he is arraigned on such an instrument. At this point, the court has jurisdiction to entertain motions.
The pertinent jurisdictional limitation is defendant’s statutory right to be tried on a facially sufficient instrument. The People must be ready for trial within a statutorily defined time, and they must present a triable accusatory instrument within that period, absent excludable time. The People’s failure to convert the misdemeanor complaint thus has no bearing on the court’s subject matter and personal jurisdiction, so long as the period for trial readiness has not expired.
Defendant further argues that the court lacked jurisdiction to order discovery, one of the several forms of relief sought in his motions. CPL 240.20 (1) does not include a misdemeanor complaint as one of the accusatory instruments on which a defendant may demand discovery. Thus CPL 240.20 (1) may well have provided grounds for denying defendant’s motion to compel discovery, but CPL 240.20 (1) does not deprive the court of subject matter and personal jurisdiction over the complaint. Moreover, at defendant’s request, the court exercised its discretion to overlook the statutory limitation on motions in CPL 255.20 (1). The court permitted his motions long after the 45-day statutory time from his arraignment on the accusatory instrument that the court had deemed an information on *110 October 6. Thus defendant is in no position to complain that the court’s rulings exceeded statutory limitations on one or more components of his motions. Even if the motions violated the statutes, the motions did not divest the court of subject matter jurisdiction.
In any event, the issue in People v Worley (66 NY2d, supra, at 526), whether the CPL 30.30 (4) (a) exclusion for motion practice applies to misdemeanor complaints, is indistinguishable from this case, even though Worley did not expressly address the relevance of misdemeanor complaints being omitted from the accusatory instruments listed in CPL 240.20. (See, People v LeBlanc, 165 Misc 2d 882, 888, n 2 [Crim Ct, Bronx County 1995].) The Court held that by requesting or consenting to delays resulting from motion practice, defendants create excludable time “even though defendants’ actions did not prevent the People from obtaining accusatory instruments sufficient for trial”. (People v Worley, 66 NY2d, supra, at 527.) Bound by Worley, this court cannot speculate that in Worley the Court erroneously failed to consider whether CPL 240.20’s omission of misdemeanor complaints was jurisdictionally significant, much less that upon considering it the Court’s decision would have been different.
Defendant’s Waiver of Speedy Trial Time
Does the Worley rule apply, however, where defendant, based on repeated erroneous court rulings that the misdemeanor complaint had been converted, relinquished the opportunity to allow the speedy trial clock to run? If defendant’s motions amounted to a waiver of speedy trial rights, was that waiver invalid because it was not knowing and voluntary? (Johnson v Zerbst, 304 US 458, 464 [1938]; People v Rodriguez, 50 NY2d 553, 557 [1980].)
The People maintain that defendant cannot claim confusion concerning the consequences of his actions and that his knowing and voluntary initiation of motion practice tolled the speedy trial time. Defendant replies that he never would have made motions on the 73rd day of a running 90-day speedy trial clock had the erroneous rulings not compelled him to do so.
On December 17, 1997, the court imposed a motion schedule with defendant’s consent. (See, People v Knapp, 164 Misc 2d 216, 224-225 [Crim Ct, Richmond County 1995].) To challenge the claimed court errors of October 6 and December 17, 1997, regarding the conversion of the complaint, his most effective recourse may have been to file a motion setting forth that *111 claim. He was not compelled to do so on December 17, however. If he believed the time should have continued to be charged until the People filed another corroborating affidavit, he could have waited until after the 90 days had elapsed on January 4, 1998, before he requested a motion schedule. Instead, he affirmatively requested a motion schedule on December 17, presumably hoping for a ruling in his favor, at which point he could let the clock run again.
On December 17, 1997, 17 days remained for the People to file the supporting affidavit. The court cannot dismiss the accusatory instrument on the speculation that, had defendant refrained from motions, the People would not have converted the complaint to an information within that time, and their speedy trial time would have expired.
On January 27, 1998, defendant obtained the ruling he sought through his motion: that the complaint was not converted and required further corroboration. Yet he did not then withdraw his motions and let the clock run again. Instead, he accepted an adjournment not just for the People to corroborate the complaint, but also for a revised motion schedule, based on his late motions, for the People’s response and the court’s decision on the motions left pending. Defendant, cognizant of the circumstances, nevertheless made no objection to the further delay of nearly a month to February 25, 1998, which was not just for conversion of the complaint, but also for completion of the motion practice he initiated December 17, 1997.
Finally, even assuming defendant’s motions resulted solely from a prior erroneous ruling that the complaint had been converted, Worley (supra) still precludes the relief he seeks. People v Jones (146 Misc 2d 665 [Crim Ct, Kings County 1989]) granted precisely that relief, attempting to distinguish Worley, and finding a defendant’s waiver of speedy trial time ineffective where he made motions on the erroneous premise, through no fault of his own, that the accusatory instrument was jurisdictionally sufficient for trial. Reversing, the Appellate Term explicitly held that Worley precluded that result. (People v Jones, 151 Misc 2d 582, 584 [App Term, 2d Dept 1991]; see also, People v Aragon, NYLJ, July 14, 1998, at 27, col 3 [Crim Ct, Bronx County]; People v Comma, 146 Misc 2d 305, 311 [Crim Ct, Kings County 1990].)
People v Vreeland (143 Misc 2d 141 [Crim Ct, NY County 1989]), cited by defendant, predates Jones (supra) and reached a result similar to the lower court in Jones. This court is bound *112 by the appellate authority in Jones and Worley (supra; People v Shakur, 215 AD2d 184, 185 [1st Dept 1995]; Stewart v Volkswagen of Am., 181 AD2d 4, 7 [2d Dept 1992]; People v Graham, 177 Misc 2d 542 [App Term, 2d Dept 1998].) However forceful an argument may be made that Vreeland provides a fairer result in these circumstances, the appellate courts must make that determination before this court, after Jones, may follow Vreeland.
Conclusion
The People were permitted to rely on CPL 30.30’s tolling provisions to extend the time to convert the misdemeanor complaint whether or not, absent the extra time, the People would have defaulted on their speedy trial time. Defendant’s request for or consent to a motion schedule amounted to an express waiver of his rights under CPL 30.30 (People v Meierdiercks, 68 NY2d 613, 614 [1986]), even if he proceeded based on the court’s erroneous ruling that the complaint had been converted to an information.
Therefore the court denies the motion to dismiss.