OPINION OF THE COURT
Joseph Silverman, J.
Defendant moves this court for an order dismissing the *504 information on the grounds that she has been denied the right . to a speedy trial and for facial insufficiency.
The defendant is charged with the crimes of petit larceny (Penal Law § 155.25), forgery in the third degree (Penal Law § 170.05), and criminal possession of a forged instrument in the third degree (Penal Law § 170.20). The complaint was signed by Detective R. L. Stubbs and stated, in pertinent part, that he was informed by Ms. Rose Walker, the custodian of the checks and funds of the P. A. L. Quincy Street Day Care Center, that defendant did cash and negotiate for her own use checks drawn on P. A. L. by altering the checks and substituting her name as payee without permission or authority to do so. The defendant was arraigned on these reduced charges on July 18, 1988.
On August 29, 1988 the People served and filed a statement of readiness and a supporting affidavit signed by Ms. Margaret Williams, the director of the P. A. L. Day Care Center. Defendant did not at any time dispute the People’s statement of readiness, consented to the the court’s setting a motion schedule and served motions on October 19, 1988. Now more than six months after the People’s statement of readiness, defendant brings the instant motion arguing the facial insufficiency of the instrument by reason that the two persons who signed the supporting affidavits do not possess firsthand information of the facts set forth in the instrument.
The People have conceded the facial insufficiency of the accusatory instrument and stated their intention to supersede the complaint with a sufficient information. Whereas, the People have conceded the facial insufficiency of the information, the court grants defendant’s motion to dismiss for facial insufficiency and will not address this issue.
Defense counsel argues that since the accusatory instrument is facially insufficient, and therefore jurisdictionally defective, the People cannot have been "ready” for trial within the period required by CPL 30.30.
Replacement of one accusatory instrument which is defective by another involving the same crime does not affect time computations under CPL 30.30 and computation of chargeable and excludable time begins from the filing of the first accusatory paper. (People v Kopciowski, 68 NY2d 615 [1986]; People v Sinistaj, 67 NY2d 236 [1986]; People v Lomax, 50 NY2d 351 [1980].) The fact that a superseding instrument is filed does not automatically render the entire period prior to thereto as *505 includable. This is so especially when such periods include excludable times for motion practice or the defendant waived the inclusion of the delay which occurred before the People filed an accusatory instrument sufficient to confer trial jurisdiction on the court. (People v Bantum, 133 AD2d 699 [2d Dept 1987]; People v Worley, 66 NY2d 523; People v Newton, 120 AD2d 751 [2d Dept 1986].)
The defendant did not challenge the People’s readiness when they filed their statement of readiness. Defendant did not raise the issue of the sufficiency of the instrument in her omnibus motion; nor did she raise the issue when she requested, for her own benefit, several adjournments.
The defect in this accusatory instrument is not a hidden one but rather apparent on its face. Defendant was at all times in a position to know the instrument was facially insufficient when she requested and/or acquiesced to several adjournments including adjournments for defense motions. As such, defendant made an informed decision expressly waiving her speedy trial rights, as well as waiving any claim that preconversion delays be charged to the People. (People v Worley, supra.)
A defendant cannot silently lie in wait, while CPL 30.30 time expires, to raise an objection to the facial insufficiency of an information that was apparent at all times and then ask the court to charge the People ab initio.
Accordingly, this court denies the defense motion to dismiss pursuant to CPL 30.30 in the less than 90 days are chargeable to the People. However, the defendant’s motion to dismiss for facial insufficiency is granted. The sealing of the court records is hereby stayed for a period of 30 days from the date of this order to give the People time to file a superseding complaint, as is their stated intention.