People v Mercado (2024 NY Slip Op 50422(U))

[*1]

People v Mercado

2024 NY Slip Op 50422(U)

Decided on April 15, 2024

Criminal Court Of The City Of New York, Bronx County

Bowen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Tyron J. Mercado, Defendant.

Docket No. CR-020394-23BX

Elizabeth Doty, Assistant District Attorney, Bronx County, for the People 
Tarsila Gomez, The Bronx Defenders, for Defendant

E. Deronn Bowen, J.

Summary:
1. The defense motion to deem illusory the People's statement of readiness dated December 16, 2023, is GRANTED.
2. The defense motion to dismiss the information on statutory speedy trial grounds is GRANTED.
3. The remaining branches of the defense omnibus motion are DENIED AS MOOT.
4. Sealing of this matter is ORDERED STAYED for 30 days from the date of this decision and order.
Defendant, Tyron J. Mercado stands charged in and information with per se driving while intoxicated (Vehicle and Traffic Law § 1192 [2]), common law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). Defendant was arraigned on September 17, 2023, and on December 16, 2023, the People served and filed a certificate of compliance (CoC), as well as a statement of trial readiness (SoR).
Yet, the information contained a glaring defect respecting the per se intoxicated driving charge, as defendant notes in a branch of an omnibus motion dated February 20, 2024, moving this court to find that count of the information facially insufficient. The central element of Vehicle and Traffic Law § 1192 (2) is the existence of ".08 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva" (id.). Here, however, no blood alcohol content amount is listed within the four corners of the information. Instead, it is alleged that "defendant refused" chemical breath testing. The People, in responsive papers served and filed on March 6, 2024, in opposition to the defense omnibus motion, concede this plain facial insufficiency, and this court concurs.
Based upon the facial insufficiency of the top count of the information, defendant, in the same omnibus motion branch, moves this court to deem illusory the SoR dated December 16, 2023. Plain statutory language supports defendant's point of view, at least presumptively.
"Upon a local criminal court accusatory instrument, a statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory [*2]instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed" (CPL 30.30 [5-a] [emphasis added]).
The People counter in their responsive papers, "however, that despite this deficiency the entire accusatory instrument should not be deemed facially insufficient, and the People should be provided an opportunity to cure given the nature and circumstances of the deficiency as well as the lack of prejudice such deficiency has caused."
The People misunderstand the meaning of the facial insufficiency determination and defendant's argument. The count of per se intoxicated driving is facially insufficient, not the information as a whole. However, because this singular insufficiency makes it the case that not "all counts charged in the accusatory instrument" are facially sufficient, the plain statutory consequence is that the People's "statement of readiness shall not be valid" (CPL 30.30 [5-a] [emphasis added]).
The People's averment, that defendant by "strategic tactic" violated his "statutory obligation to challenge a certificate of compliance, [and] he should not silently lie in wait with a challenge to the People's discovery compliance while the speedy trial clock ticks loudly in the background" (internal quotation marks omitted), also misses the mark in two ways. First, defendant is challenging neither the People's discovery compliance nor the validity of the CoC. The defense omnibus motion contains no arguments pertaining to CPL article 245. Defendant is challenging the validity of the SoR, i.e., defendant is calling into question the People's assertion made on December 16, 2023, that they were ready to proceed to trial on an information that contained a facially insufficient count.
Second, this court declines the People's invitation to adopt the stance taken in People v Odoms (143 Misc 2d 503 [Crim Ct, Kings County 1989]). The Odoms court, in denying a defense dismissal motion on statutory speedy trial grounds, exclaimed that a "defendant cannot silently lie in wait, while CPL 30.30 time expires, to raise an objection to the facial insufficiency of an information that was apparent at all times and then ask the court to charge the People ab initio" (id., at 505). It is the case, however, that "failure to comply with the 'prima facie case' requirement for facial sufficiency in CPL 100.40 (1) (c) and 100.15 (3) is a jurisdictional defect" (People v Alejandro, 70 NY2d 133, 139 [1987]). Because "failure to comply with the statutory sufficiency requirements is a nonwaivable jurisdictional defect [it] can be raised at any stage of the proceeding" (People v Neftali D., 85 NY2d 631, 637 [1995]; see People v N.S., 58 Misc 3d 613, 616-617 [Crim Ct, Queens County 2018] [facial insufficiency "can be raised at any time during the pendency of a case or after a case has been adjudicated. It is not forfeited by plea and can be raised for the first time on appeal, even without preservation"]). This renders considerably weaker the "lying in wait" concern.
Additionally, the court respectfully disagrees with the inference in Odoms that a criminal defendant is somehow obligated to assist the People in ensuring that an accusatory instrument is facially sufficient or otherwise jurisdictionally proper. Quite the opposite, the Court of Appeals made crystal clear the very next year after Odoms was decided that the " 'speedy trial' statute was intended only to address delays occasioned by prosecutorial inaction" (People v McKenna, 76 NY2d 59, 63 [1990]; see People v Worley, 66 NY2d 523, 527 [1985] ["In enacting CPL 30.30 the Legislature intended to impose an obligation on the People to be ready for trial"]).
The reasoning of People v Vreeland (143 Misc 2d 141 [Crim Ct, NY County 1989]), published the same year as Odoms, is persuasive.
"Assuming the People were proceeding in the mistaken good-faith belief that, prior to the determination of the jurisdictional defect, the instrument was valid, the policy question is raised as to where in such circumstances the burden should be placed — on the People or the defendant. In this court's view, the People have the responsibility for, and thus the burden of providing, a jurisdictionally valid instrument on which to proceed" (id., at 144; see N.S., 58 Misc 3d at 616 ["defendant's procrastination in asserting the accusatory instrument's facial defects does not run counter to any statutory scheme"]).
Consequently, claims of defense inaction are of no moment to a statutory speedy trial determination, unless they can be pinned to an exclusion permitted by the Legislature (see CPL 30.30 [4]). However, as pertains to the People's arguments here, "[t]here is no 'detrimental reliance' or 'good faith' exclusion of time" respecting the People's trial readiness obligations (N.S., 58 Misc 3d at 616). CPL 30.30 (4) also does not contain a "lack of prejudice to the defense" exclusion. Indeed, "it bears emphasis that the right to a speedy trial guaranteed by CPL 30.30, which relates to prosecutorial readiness, is not dependent in any way on whether the defendant has expressed his readiness for trial or whether the defendant can demonstrate prejudice resulting from the delay" (People v Hamilton, 46 NY2d 932, 933-934 [1979]). Accordingly, as a count of the information was facially insufficient at the time the People asserted their readiness for trial, the SoR must be DEEMED ILLUSORY.
At minimum, all time is chargeable from the day after defendant's September 17, 2023, arraignment (see General Construction Law § 20; People v Stiles, 70 NY2d 765, 767 [1987]), to, and including, December 27, 2023 (see General Construction Law § 20; People v DiMeglio, 294 AD2d 239, 239-240 [2002]), when the matter was first adjourned for discovery conferencing between the parties.[FN1]
This 91-day time period is beyond the People's 90-day statutory "clock" (see CPL 30.30 [1] [b]). Accordingly, the branch of the omnibus motion seeking dismissal of the information on statutory speedy trial grounds is GRANTED.
The remaining branches of the defense omnibus motion are rendered academic and are DENIED AS MOOT. This court STAYS SEALING of this matter for 30 days from the date of publication of this decision and order (see CPL 160.50).
THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.
Dated: April 15, 2024
Bronx, New York
E. Deronn Bowen, J.C.C.

Footnotes

Footnote 1:This decision and order does not address what, if any, time after December 27, 2023, is chargeable against the People's statutory speedy trial "clock."