People v Fitzgerald (2024 NY Slip Op 50635(U))

[*1]

People v Fitzgerald

2024 NY Slip Op 50635(U)

Decided on May 24, 2024

City Court Of Buffalo, Erie County

Town, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 24, 2024
City Court of Buffalo, Erie County

The People of the State of New York, Plaintiff,

against
Keenon Fitzgerald, Defendant.

Docket No. CR-05543-23

Monica J. Benjovsky, Esq.
Erie County District Attorney's Office
25 Delaware Avenue
Buffalo, New York 14202
for the Plaintiff
Dominique Tauffner, Esq.
The Legal Aid Bureau of Buffalo, Inc.
290 Main Street
Buffalo, New York 14202
for the Defendant

Rebecca L. Town, J.

The instant criminal proceeding is currently before this Court on the Defendant's motion to invalidate the People's certificate of compliance as illusory and dismiss the instant criminal proceeding for speedy trial violations.
DISCUSSION
The defendant contends, inter alia, that the People failed to certify on all counts in the accusatory instrument, rendering their statement of readiness invalid under the recent amendments to C.P.L. § 30.30[5-a].
The operative principle upon which this case turns is the People's reliance upon the obsolete doctrine of partial conversion. Prior to the legislature's reforms to the criminal procedure law in 2020, the doctrine of partial conversion permitted the People to treat each count of an information as a separate entity (People v Brooks, 190 Misc 2d 247 [App Term, 1st Dept 2001]). Under the partial conversion doctrine, the People could maintain readiness on counts that were facially sufficient notwithstanding fatal defects contained in other counts (id at 249).
This fragmented approach was swept away with the legislative reforms of 2020. Under CPL § 30.30 (5-a), the People's approach to valid certification and readiness cannot be treated as [*2]a piecewise defined function; instead, any valid interpretation of the CPL mandates a holistic certification across all counts for a statement of readiness to be valid. This is the clear and unambiguous language of the statute, which reads:
"Upon a local court accusatory instrument, a statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed" (CPL § 30.30 [5-a]).
The statute places the onus squarely on the prosecution to ensure compliance with this comprehensive certification requirement. In People v Ramirez-Correa, 71 Misc 3d 570, 574-75 (Crim Ct Queens County [2021]), the trial court elucidated that the People's burden extends to proving the sufficiency of each count to uphold their declaration of readiness. This jurisprudence aligns with the legislative intent to abrogate partial conversion, demanding prosecutorial thoroughness and adherence to procedural rigors.
Here, the People's reliance on the fossilized remains of the partial conversion doctrine in an attempt to salvage their statement of readiness is merely a failed attempt to rescue a principle of law that the New York legislature has already, to paraphrase David Hume, committed to the flames. In light of these developments, this Court finds that the People failed to meet their statutory obligations under C.P.L. § 30.30 (5-a). This Court will not entertain an attempt to salvage a fatal defective invalid certificate of compliance for the purposes of the People maintaining readiness. Consequently, the People's statement of readiness is illusory.

 CONCLUSION
Accordingly, the defendant's motion to dismiss the instant criminal proceeding is GRANTED.
E N T E R
Dated: May 24, 2024
Buffalo, New York
Hon. Rebecca L. Town