People v David R. (2024 NY Slip Op 51004(U))

[*1]

People v David R.

2024 NY Slip Op 51004(U)

Decided on July 19, 2024

Criminal Court Of The City Of New York, New York County

Morales, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 19, 2024
Criminal Court of the City of New York, New York County

The People of the State of New York,

against
David R., Defendant.

Docket No. CR-030208-23NY

The defendant was represented by The Legal Aid Society, Richelle Lisboa, Esq.; for the People, Julia Hooks, Assistant District Attorney.

Valentina M. Morales, J.

Papers considered in review of this motion:
Defendant's n/m affirmation filed May 1, 2024, The Legal Aid Society, Richelle Lisboa, Esq., for defendant
People's affirmation in response, filed May 20, 2024, Julia Hooks, Assistant District Attorney
Defendant's reply, filed May 28, 2024, The Legal Aid Society, Richelle Lisboa, Esq., for defendant
Court file
David R., hereinafter "defendant," is charged by information with one count of Menacing in the Second Degree (Penal Law § 120.14 [1]), two counts of Criminal Mischief in the Fourth Degree (Penal Law § 145.00 [1], [3]), and one count of Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01 [2]), class A misdemeanors; one count of Menacing in the Third Degree (Penal Law § 120.15), a class B misdemeanor; and one count of Harassment in the Second Degree (Penal Law § 240.26 [1]), a violation. Pursuant to Criminal Procedure Law §§ 30.30, 170.30 and 170.35, the defendant moves to dismiss the count of Penal Law § 145.00 (3) as facially insufficient, and to dismiss the entire accusatory instrument as violating his right to a speedy trial. For the reasons articulated herein, the defendant's motion to dismiss is GRANTED. A pending oral motion by the People to dismiss counts two and three is therefore moot.
 Relevant Procedural History
This case commenced with the filing of the accusatory instrument on October 20, 2023, and was deemed an information on the adjourn date, November 29, 2023. Off calendar on December 4, 2023, the 45th chargeable day of the case, the People filed and served their certificate of compliance (COC) and certificate of readiness (COR), indicating compliance with their CPL 245 discovery obligations and readiness to proceed to trial (CPL 245.50, 30.30 [5]). Several court dates intervened without defense counsel challenging the People's readiness on any [*2]grounds. An objection to the People's readiness was finally made to this court on February 27, 2024, based on the People's failure to disclose discovery. After directing the parties to diligently confer and submit a letter to the court outlining any unresolved discovery disputes (CPL 245.35 [1]), this court held a discovery compliance conference pursuant to CPL 245.35 (2) on April 2, 2024. Following this full adversarial conference on the record, this court ruled the People's COC improper and invalid for deficiencies including the failure to disclose unredacted police disciplinary records for the testifying witness.[FN1]
The court ordered the People to disclose the impermissibly withheld discovery within ten business days or seek a protective order (CPL 245.70). The court reserved decision on the People's readiness, setting a motion schedule should the People wish to plead any special circumstances that would allow this court to find them ready for trial notwithstanding their lack of a proper COC (CPL 245.50 [3]), or should the defense wish to file a motion under CPL 30.30.
Off calendar, the People informed the court they would not seek a finding of special circumstances. On April 16, 2024, the People timely sought a protective order. On May 1, 2024, defense counsel filed a response to the protective order, and separately filed the instant motion to dismiss based on the People's alleged failure to comply with CPL 30.30 (5-a).[FN2]
On May 20, 2024, the parties appeared in court, the People moved to dismiss counts two and three (Criminal Mischief in the Fourth Degree, Penal Law § 145.00 [1], [3]), and the defense objected. On that date, the People filed their instant response papers and the court reserved its ruling on the People's oral motion to dismiss the Criminal Mischief counts until it could review all related arguments from both parties. The court also granted the People's motion for a protective order. The defense filed their instant reply papers on May 28, 2024, in accordance with the schedule set by the court.

Facial Sufficiency and CPL 30.30 (5-a) Readiness
For a charge by information to be facially sufficient, the accusatory instrument must set forth, within the confines of the document, non-hearsay factual allegations that, if true, establish every element of the crime (CPL 100.40 [1]; People v Alejandro, 70 NY2d 133 [1987]). In determining an instrument's facial sufficiency, the court must view the allegations in the light most favorable to the People and must not adopt an overly restrictive analysis (People v Casey, 95 NY2d 354 [2000]). Here, the defendant is correct that the four corners of the accusatory instrument fail to set forth a factual basis for the charge of Criminal Mischief in the Fourth Degree (Penal Law § 145.00 [3]); the instrument is indeed completely silent as to the monetary amount of the damages.
The People do not contest this assertion on its merits — and indeed, have separately moved to dismiss the individual count themselves — but counter only that the court should not [*3]entertain the defendant's motion simply because it was not brought earlier. But an accusatory instrument that sets forth the necessary elements of every crime alleged is a prerequisite for the court's jurisdiction, and must be duly considered when the defendant raises it, however "late" that might be (People v Case, 42 NY2d 98 [1977] [where information fails to set forth elements of the crime, appellate review not barred by guilty plea]; Alejandro, 70 NY2d at 135 [information's failure to set forth elements of the crime was "a jurisdictional defect which was not waived by defendant's failure to raise the issue until after completion of the trial"]). The court can never absolve the People of their indelible duty to file a properly pleaded accusatory instrument. The count of Criminal Mischief in the Fourth Degree (Penal Law § 145.00 [3]) as set forth in this complaint is undoubtedly facially insufficient; the court now considers the defendant's arguments under CPL 30.30 (5-a).
Following the enactment of CPL 30.30 (5-a), the People's statement of readiness on a local criminal court accusatory instrument is not valid unless the prosecutor certifies that "all counts charged" are facially sufficient and that any facially insufficient counts have been dismissed. The defendant argues that under this requirement, any readiness statement by the People that encompasses facially insufficient counts is invalid as to all counts. As such, the defendant asserts the People made no valid statement of readiness on their facially sufficient counts — hence they were never ready for trial and thereby deprived him of his right to a speedy trial (CPL 30.30 [1]). The defendant therefore moves for the dismissal of the entire accusatory instrument (CPL 170.30 [1] [e]). The People offer no substantive argument in response.
The Appellate Term, First Department, has made clear that CPL 30.30 (5-a) represents a change in the rights of the accused: " . . . CPL 30.30(5-a) changed the law regarding partial readiness by imposing a new requirement for prosecutors to declare readiness for trial and thus, in effect, bestowed a new speedy trial right (see William C. Donnino, Supp Practice Commentary, McKinney's Consolidated Laws of New York, CPL 30.30)." People v Powell, 74 Misc 3d 50, 52 (App Term, 1st Dept 2022), lv denied 38 NY3d 1073 (2022). Consequently, this court reads CPL 30.30 (5-a) to require the sufficiency of all charged counts at the time the People state ready; otherwise, such statements of readiness are invalid (People v Mercado, 82 Misc 3d 1227[A], 2024 NY Slip Op 50422[U] [Crim Ct, Bronx County 2024]; People v Lopez, 80 Misc 3d 1215[A], 2023 NY Slip Op 51001[U] [Crim Ct, NY County 2023]; People v Herrera, 73 Misc 3d 334 [Crim Ct, Bronx County 2021]); see also People v Fitzgerald, 83 Misc 3d 1201[A], 2024 NY Slip Op 50635[U] [City Court of Buffalo, Erie County] [ruling "the People's burden extends to proving the sufficiency of each count to uphold their declaration of readiness"]).
Here, the People stated ready without first rectifying a count that is indisputably insufficient on its face. The most cursory review of the instrument would have revealed the same. Accordingly, this court can only conclude that such a review was never conducted and, as such, the People failed to comply with the requirements set forth in CPL 30.30 (5-a) when first and subsequently certifying readiness. This court therefor finds all CORs filed to date, as well as any oral statements of readiness, invalid and illusory. Lastly, in advancing the argument that the defendant's motion should be denied for untimeliness, the People ground their logic in CPL 245.50 (4) (b) and its requirement that the party challenging discovery compliance must act "as soon as practicable." Given the explicit link between CPL 245.50 and CPL 30.30 (5), this court has ruled, and continues to rule, that delays attributable to the defense's failure to challenge discovery "as soon as practicable" will not be charged to the People. However, insofar as this [*4]defendant's speedy trial motion is rooted in a completely different claim — i.e., facial sufficiency and 30.30 (5-a) readiness — no such consideration lies. Any warranted exclusions will be calculated according to the general provisions of CPL 30.30 (4), without resort to any discovery-specific provisions.

CPL 30.30 Calculations
The People must be ready for trial within ninety days of the commencement of a criminal action where, as here, the most serious offense is the equivalent of an A misdemeanor punishable by a sentence of imprisonment of more than three months (CPL 30.30 [1] [b]). Although a criminal action commences with the filing of an accusatory instrument, computation for speedy trial purposes commences on the next day (People v Stiles, 70 NY2d 765 [1987]).
In determining whether the People have satisfied their obligation to be ready for trial under CPL 30.30, the court must calculate the time between the filing of the first accusatory instrument and the People's declaration of readiness, then subtract any statutorily excludable periods of delay, and finally add any periods of post-readiness delay that are attributable to the People for which no statutory exclusions apply (People v Cortes, 80 NY2d 201 [1992]).
On October 20, 2023, the People filed the accusatory instrument. The time period pursuant to CPL 30.30 runs from "the commencement of a criminal action" (CPL 30.30 [1]). This criminal action "commenced" when the first accusatory instrument was filed (CPL 1.20 [17]; People v Stirrup, 91 NY2d 434, 438 [1998]). On October 20, 2023, the court arraigned the defendant and adjourned the case to November 29, 2023, for the People to file the required supporting deposition. The People filed and served a supporting deposition on November 2, 2023. The People are charged with 40 days.
On November 29, 2023, the court deemed the complaint an information (CPL 170.65 [1]) and the case was adjourned to January 22, 2024, for trial. Off calendar on December 4, 2023, the People filed a COC and COR, an Automatic Discovery Form ("ADF"), and a Discovery Disclosure List. This COR failed to meet the requirements of CPL 30.30 (5-a) because it included a facially insufficient charge, and therefore did not serve to toll the speedy trial clock. The People are charged with 54 days.
On January 22, 2024, the People stated ready; the defense stated not ready and consented to the court adjourning to January 26, 2024, for trial. This period is excludable (CPL 30.30 [4] [b]).
On January 26, 2024, the People stated ready, and defense counsel indicated she had not reviewed the discovery materials provided on December 4, 2023, and required time to do so. The court adjourned to February 22, 2024, for trial. This period is excludable (CPL 30.30 [4] [b]).
On February 22, 2024, the People stated ready; defense counsel and defendant were not present. The court issued a bench warrant and stayed it to February 27, 2024. This period is excludable (CPL 30.30 [4] [c] [ii]). 
On February 27, 2024, the defendant appeared and this court set a schedule again affording defense counsel additional time to complete discovery review and requiring the parties to confer in advance of a discovery compliance conference, to be held on the adjourn date of April 2, 2024. This period is excludable (CPL 30.30 [4] [a], [b]).
On April 2, 2024, this court held the discovery conference, set a protective order motion schedule, and adjourned to May 20, 2024, for decision. Off calendar on May 1, 2024, the defendant filed the instant motion to dismiss. This period is excludable (CPL 30.30 [4] [a]).
On May 20, 2024, this court ruled on the protective order and reserved on the People's oral motion to dismiss counts two and three over the defendant's objection. The court set the instant motion schedule and adjourned the matter to July 1, 2024, for decision, which it later extended to July 19, 2024. This period is excludable (CPL 30.30 [4] [a]).
Based on the foregoing, the People are charged with 94 days of delay, which is beyond the statutory period set forth in CPL 30.30. 
Accordingly, defendant's motion to dismiss the accusatory instrument pursuant to Criminal Procedure Law §§ 30.30 and 170.30 is GRANTED.
The People's May 20, 2024, oral motion to dismiss both counts of Criminal Mischief is hereby moot.
The foregoing constitutes the opinion, decision, and order of the court.
DATED: July 19, 2024
New York, New York
Valentina M. Morales, J.C.C.

Footnotes

Footnote 1:This was not the only basis for the court's COC ruling. Several other materials generated by the NYPD in the course of the defendant's arrest and investigation were not included in discovery provided prior to the People certifying compliance.

Footnote 2:Although Exhibit A of the defendant's instant motion is the transcript of the discovery conference at which this court ruled the People's COC invalid, his motion itself makes no argument that the invalid COC provides a basis for dismissal.